A. A. MILLER ET AL., BY NEXT FRIEND, *v.* J. M. WESSON, JR.

1. TRESPASS. *Chap. 57, Code of 1871. Statute of Limitations. Infants.*
   The time for bringing the actions provided for by chap. 57 of the Code of 1871, entitled "An act to prevent certain trespasses," was limited exclusively by sect. 2479 of that chapter, which contained no saving in favor of infants.

2. DEBT. *Statutory penalty for cutting trees. Demand for value.*
   An action, under chap. 57 of the Code of 1871, for the penalty therein provided for the cutting and carrying away of trees without the consent of the owner, is an action of debt; and the plaintiff therein, as the owner of the trees, may unite with such action a demand for the value of the trees.

3. SAME. *For trees cut. Ownership.*
   In an action under the chapter above referred to, the question whether the plaintiff was the owner of the trees cut, or of the land upon which they were cut, may be tried and determined.

4. SAME. *For the cutting of trees. Plea of possession and color of title.*
   It is not a good plea to an action under chap. 57 of the Code of 1871, for the penalty of cutting trees, that the defendant was at the time the trees were cut, and the time of pleading, in the adverse possession of the land upon which the trees were cut, under color and with claim of title.

5. PLEADING. *Counts of declaration. Relation to each other.*
   Each of several counts of a declaration is as distinct from the others as if in a separate declaration, except as it may refer to another in express terms, and the several counts must be tried accordingly.

6. DISSEIZEE. *Action by, for value of trees cut.*
   A disseizee cannot maintain an action for the value of trees cut upon the land from which he has been ousted.

APPEAL from the Circuit Court of Lincoln County.

Hon. J. B. CHRISMAN, Judge.

A. A. Miller and others, infants, by their next friend, brought an action of debt against J. M. Wesson, upon three

counts : First, to recover the penalty given by chap. 57 of the Code of 1871 for trees cut and carried away without the consent of plaintiffs ; second, for the reasonable value of such trees ; and, third, for the money received by the defendant from the sale of the trees. The defendant's second plea to the first count of the declaration was based upon sect. 2479 of the Code of 1871, and was to the effect that none of the trees were cut and taken within one year before the commencement of the action. A demurrer to this plea was overruled. The substance of the third plea is stated in the opinion of the court. A demurrer to it was also overruled. From a judgment in favor of the defendant the plaintiffs appealed, and assigned for error the action of the court below in overruling the demurrers to the second and third pleas.

*R. N. Miller,* for the appellants.

1. The remedy given by sect. 2473 of the Code of 1871 is cumulative to the common-law remedy of trespass, and under sects. 2151 and 2156 of that Code the period of limitation of the latter remedy, as to infants, is six years after the removal of their disabilities. It cannot be supposed that the Legislature intended to bar the statutory remedy and leave the common-law remedy for the same cause of action still subsisting. Sects. 2479, 2151, and 2156 must be construed together. A doubtful statute should receive a just and equitable construction, and one which will save the rights of infants. 4 Cushm. 439 ; 1 Geo. 308, 410 ; 4 Geo. 103 ; 1 Smed. & M. 70 ; 5 Smed. & M. 25 ; 8 Smed. & M. 151 ; 10 Smed. & M. 537.

2. Under sect. 2473 of the Code of 1871, the plaintiffs could maintain trespass for the trees cut, as being " owners " of the land. The " owner," as referred to in the statute, is the holder of the title, whether in or out of possession. If the plaintiffs may maintain trespass as " owners," though being out of possession, of course they might waive the tort and sue for the value of the trees ; and that is the manifest intention of the statute, the purpose being to give the " owner " out of possession a remedy by either mode.

*R. H. Thompson*, for the appellee.

1. Under sect. 2479 of the Code of 1871, the demurrer to the second plea was properly overruled. That section contains no saving clause in favor of infants.

2. Each count of the plaintiffs' declaration, upon the issue presented by the third plea, involves the trial of the title to the land. Ejectment alone is the action in which to try titles.

This action is in truth an action *quare clausum fregit*, and cannot be maintained. A mere legal or constructive possession will not maintain an action of trespass. *McLean* v. *Todd's Heirs*, 5 J. J. Marsh. 335 ; Bac. Abr., tit. " Trespass," 63 ; Com. Dig., tit. " Trespass," B, 3 ; 2 Plowd. 528 ; 3 Lev. 209 ; 1 Chitty's Pl. 176 ; 1 Johns. 512 ; 3 Johns. 468 ; 4 Johns. 150 ; 11 Johns. 569 ; 3 Bibb, 75 ; 4 Bibb, 119 ; 2 Saunders on Pl. 454 ; 3 Bla. Comm. 210 ; Dyer, 285 ; 3 Stark. on Ev. 1435 ; 6 Rand. 556 ; 7 T. B. Mon. 534.

A disseizee cannot maintain an action for money had and received from the sale of trees cut on the land claimed by him. *Bigelow* v. *Jones*, 10 Pick. 161 ; 17 Mass. 299 ; 14 Mass. 96 ; 4 Pick. 71 ; 5 Pick. 130 ; 7 Pick. 33 ; 10 Serg. & R. 221 ; 6 Serg. & R. 481.

The word " owner," as used in the statute, means a person having a complete legal title, and that includes *possession*.

CAMPBELL, J., delivered the opinion of the court.

The demurrer to the second plea was properly overruled. *"An act to prevent certain trespasses"* (Code 1871, sects. 2473–2482) is *sui generis*, and contains its own statute of limitations in sect. 2479, which makes no saving in favor of infants or others, and none, therefore, exists.

The action is debt for the penalty given by the statute cited, and for the reasonable value of the trees, and for money received from their sale when transformed into sawed lumber, with a separate count for each, in the order just mentioned. The third plea is to the declaration, and presents the question whether the fact that the defendant was in the adverse posses-

sion of the land from which the trees were taken, under color and with claim of title, at the time of the taking of the trees, and at the time of pleading, bars the action. The statute prescribes the penalty to be recovered by the " owner " of the trees, and it has been held several times that he may unite with his demand for the penalty one for the value of the trees.

It is urged that title to land is not triable in an action of debt, and that the true character of this action is trespass *quare clausum fregit*, which is not maintainable by a disseizee.

That the trial may involve an investigation and determination of whether or not the plaintiff is *owner*, does not affect his right to sue for the penalty provided for him as such. There are many cases besides actions of ejectment in which the title to land may be involved, and our reported cases involving a consideration of the statute now under discussion show that the title to land may be a matter in dispute in this class of cases.

The first count in the declaration is debt for the statutory penalty, and the third plea is not an answer to this count, because the *owner* has the right to recover, according to the statute, and is not precluded from it by the fact that the defendant may be in the possession of the plaintiffs' land, claiming it under a conveyance to him, which, though good in form, may not confer on him any right whatever ; for it may be true that the conveyance was obtained, and claim made under it, and possession of the land taken, for the purpose of doing the injury complained of.

The other counts are for the value of the trees, and for money received for them, and not being for the statutory penalty, must be maintainable without the statute, for they do not rest on it. Their sufficiency, and what will bar them, must be determined by the general law ; and the test is, whether they would be maintainable without the first count, for each count is as distinct as if it was in a separate declaration, and must be tried by itself, except as it may contain a reference to another in express terms. 1 Chitty's Pl. 413.

It seems to be settled that a disseizee cannot maintain an action for the value of trees, or other part of the land removed and sold. *Bigelow* v. *Jones*, 10 Pick. 161; *Allen* v. *Thayer*, 17 Mass. 299; *Baker* v. *Howell*, 6 Serg. & R. 476; *Mather* v. *Church*, 3 Serg. & R. 509.

It follows that the demurrer to the third plea should have been sustained, because, although good as to the others, it is not an answer to the first count.

Reversed and remanded.