## GEORGE F. PHILLIPS ET AL. *v.* H. M. GASTRELL.

1. REPLEVIN.  *For trees cut.  Action by disseizee, how defeated.*
    To defeat an action of replevin on the ground of the desseizin of the plaintiff, there must be an actual, adverse occupation of the land held in good faith under claim of title.

2. SAME.  *Actual owner.  Trespasser.*
    The action will be denied only as against the actual possessor of the land and permitted against a trespasser, however frequently the trespass may have been repeated.

3. SAME.  *Case in judgment.*
    Where the land is swamp and overflowed land, not capable of actual occupation, and only occasionally and temporarily occupied by persons "camped" on it for the purpose of felling trees to be rafted out, there was no permanent or continuous occupation of it, and the true owner will be permitted to bring replevin for trees cut on the land.

APPEAL from the Circuit Court of Wilkinson County.

HON. J. B. CHRISMAN, Judge.

The appellants brought an action of replevin against the appellee to recover the possession of a certain raft of cypress timber valued at six hundred dollars, and also six hundred cypress logs valued at the same sum.   There was a verdict in favor of the defendant for the return of seven hundred and thirty-nine trees valued at three dollars and fifty cents each, or to pay two thousand five hundred and eighty-six dollars and fifty cents and one hundred and seventy dollars damages for wrongful suing out of the writ.

The lands from which the timber was cut were wild swamp land, the greater portion of which were subject to overflow.   The appellants claimed title under patents from the State dated November 18, 1881, and had never been on the premises.

The appellee claimed to have been in actual occupancy of the land so far as it was possible to occupy it, claiming it and exercising acts of ownership over it for more than ten years prior to the bringing of the suit.   The testimony in support of this claim was to the effect that loggers and rafters of the appellee had since the

414    PHILLIPS *v.* GASTRELL.    [Sup. Ct.

Conclusion of the statement.    Commencement of the briefs.

year 1872 from time to time camped on the land for the purpose of cutting timber and rafting the same, that while on the land they had cultivated small gardens. One witness testified that in 1872 a portion of the land lying in Adams County was rented to and cultivated by farmers. The appellee also offered in evidence a decree of the Chancery Court of Adams County, dated October 30, 1872, ordering the lands from which the timber was cut, among other land, to be sold. Then a deed from Samuel Wood, commissioner, to George N. Raymond, and a deed from Raymond dated July 29, 1872, to appellee and wife.

*Nugent & McWillie,* for the appellants.

A mere temporary occupancy of lands for the purpose of taking off timber, as in this case, by one having no right of possession is not such actual possession as defeats the constructive possession which the law casts upon the owner. Nor does such an entry and cutting of timber defeat the owner's title to it, but as soon as it is severed from the freehold his right of property vests in it, and he can maintain replevin for it. *Brewer* v. *Fleming,* 51 Pa. St. 102.

Neither trover nor replevin lie against any one in the actual possession of land claiming title for timber, slate, or other products severed by him from the freehold, nor even when there is a common possession and the title is in controversy. But it does lie in favor of the owner in possession actually or constructively against a tort feasor or one who has no right of possession, and who enters only casually or temporarily to cut timber. Ib. 115.

The legal title to uncultivated lands draws to it the possession, and the possession is deemed actual *for all purposes of remedy* until it is interrupted by an actual entry and adverse possession taken by another, and nothing short of an actual possession permanently continued will take away from the owner the possession which the law attaches to the legal title. Temporary acts upon the land without an intention to hold and occupy it for residence or cultivation, or for some other permanent use consistent with the nature of the property, do not constitute actual possession. *Young* v. *Herdic,* 55 Pa. St. 174–75; see *Schulenburg* v. *Harriman,* 2 Del. C. C. 398; *Stearns* v. *Raymond,* 26 Wis. 74.

Even at common law, upon the facts of this case there should have been verdict and judgment for the appellants. The defendant's title was hardly a *cloudlet* and he was not in actual possession of the lands, which were the property of the State when he took his conveyance from Raymond. He doubtless got the deed as a cloak for his timber cutting and logging. But when the statute is considered the acts of possession, or even possession itself under color of title, could not defeat the appellant's right. *Crocker* v. *Mann*, 3 Mo. 252; *Sprague* v. *Carr*, 41 Vt. 9.

"The wood in question, having been cut from the land of the plaintiff, is as much his property now as before it was cut. By the severance from the freehold it was changed from real to personal property, but its title was unaffected. So on all the cases. If then it is his property, why is he not entitled to its possession? And if entitled to the possession, why is he not entitled to an action for it? Why limit his remedy to ejectment and damages? It may after prove wholly inadequate. The defendant may be insolvent, and if so the plaintiff's remedy by ejectment and damages may, so far as the latter are concerned, result in a barren judgment. In such a case an action like the present alone affords substantial relief, and the law ought always to afford not only a remedy, but an adequate remedy." *Kimball* v. *Lohmas*, 31 Cal. 158.

*Frank Johnston*, for the appellee.

1. The cases cited by counsel for appellants are not applicable to the case at bar.

2. Mr. Gastrell acquired his title, or rather his claim of title, in 1872, and since that time has been, through his agents, in its occupancy, and, at the outset, had all the land claimed by him surveyed, and the public and contiguous owners always recognized and respected his title. Gastrell occupied the timber lands with his loggers and timber-cutters, who made gardens on the land. This every year since 1872, and part of the whole tract of land was rented to farmers who cultivated it. All this was under a claim of title that extended to all the land described in the case. That the decree of the Equity Court of Adams County, the sale thereunder, and decree of confirmation, with the commissioner's deed to Ray-

mond, and from the latter to Gastrell, constitute, beyond any question, color of title or claim of title. And then the occupancy of the land, part by loggers and part by farmers' tenants, cultivating the soil and residing upon the land, constituted possession and occupancy of the part actually occupied; and constituted constructive possession of the whole tract, to the full extent of all the land included in his deed. 3 Wash. Real Property, 118, § 9.

3. Possession of a part of a body of land with claim of title, is co-extensive with the lines of survey, and the occupant's claim of title. *Gray* v. *McCreary*, 4 Yeates 496; *Green* v. *Irving*, 54 Miss. 430. Under these circumstances a party is not liable to be sued in trover or replevin for timber cut.

4. Mr. Gastrell took the only kind of possession that the property was susceptible of. He put his timber-cutters and loggers on the land in 1872, and kept them there steadily from that time. He had a survey made, and as matter of public notoriety he was treated as the owner and respected as such. And, moreover, part of the lands that was tillable was rented to farmers, who cultivated it. Moreover, Gastrell claimed the ownership of the whole tract under title paramount. We insist that it is quite clear that the action cannot be maintained. There is nothing to prevent the plaintiff from bringing an ejectment against one or all of Gastrell's tenants. We insist that the rule of law is certain and well settled, that trover or replevin cannot be maintained for timber cut by a party in possession or in the occupancy of land under claim or color of title.

*C. P. Neilson*, on the same side.

CAMPBELL, C. J., delivered the opinion of the court.

We have heretofore recognized the doctrine "that a disseizee cannot maintain an action for the value of trees or other part of the land sold," *Miller* v. *Wesson*, 58 Miss. 831, and it follows that replevin is not maintainable by the disseizee for such things. But to defeat the action on the ground of the disseizin of the plaintiff there must be an actual adverse occupation of the land, held in good faith under claim of title. The action is denied because the

occupant of land under such circumstances should not be "harassed with a separate action for each bushel of wheat consumed or stick of firewood burnt on the premises, instead of having the matter settled at once by an action to recover the possession" of the land.    *Wright* v. *Guier*, 9 Watts 172.

We are disposed to restrict the doctrine within its narrowest limits, and to deny the action only as against the actual possessor of the land, and to permit it against a trespasser however frequently he may have repeated his trespasses.    We do not think the appellee is shown to have had such actual occupation of the land as to deny the real owner the right to maintain replevin for logs cut from the land.    This is swamp land, valuable probably only for its timber, and not capable of actual occupation.    It was temporarily and occasionally occupied by persons "camped" on it for the purpose of felling trees to be rafted out.    There was no permanent or continuous occupation of it and the facts do not bring the case within the rule as stated.    Policy dictates a permission to bring replevin by the true owner of the trees in such a case.

*Reversed and new trial granted.*