(Decided 15th March, 1892.)

ANTHONY ZIHLMAN *vs.* JOSEPH ZIHLMAN.

*Bill of Interpleader—Payment of Money into Court—Rights of Claimants.*

A bill of interpleader was filed by a Glass Company having a sum of money due as royalty on a patent process used in the manufacture of glassware, to determine to whom it should be paid. One of the defendants claimed to be entitled to the entire sum and the other to the one-half. The money was paid into Court by the plaintiff. HELD:

That an order directing that the undisputed one-half of the roy- alty should be paid to the defendant claiming the entire sum, and leaving the other half to be disposed of by the future order

of the Court, was proper, notwithstanding, the other defendant resisted such payment on the ground that the former was indebted to him on account of other matters in no way connected with the fund out of which the controversy arose, as such indebtedness constituted no lien upon the fund.

APPEAL from the Circuit Court for Alleghany County, in Equity.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., MILLER, ROBINSON, BRYAN, FOWLER, McSHERRY, and BRISCOE, J., for the appellee, and submitted on brief for the appellant.

*James A. McHenry,* for the appellant.

**David W. Sloan,* and *Benjamin A. Richmond,* for the appellee.

ROBINSON, J., delivered the opinion of the Court.

This is, it seems to us, a plain case. A bill of interpleader was filed by the Cumberland Glass Company, alleging that it had in its hands $3833.30 due as royalty on a patent process, used by it in the manufacture of tumblers and other glassware, and which patent process Anthony Zihlman, one of the defendants, claims belongs jointly to him and to Joseph Zihlman, the other defendant. That in pursuance of an agreement made with the defendants, the plaintiff has, from 1883 down to 1890, paid one-half of the royalty to Anthony, and the other half to Joseph Zihlman, but that Joseph Zihlman now claims to be sole owner of said patent, and has brought suit against the plaintiff to recover the whole of the royalty due by the plaintiff for the use of the same; and that

*Present, but did not take part in the argument.

Anthony still claims one-half as belonging to him. That the plaintiff is willing and ready to pay the whole of said royalty to Joseph, or one-half to him, and the other half to Anthony, as may be determined between them; and tenders itself ready to pay the money now in its hands into Court. It therefore prays that Joseph Zihlman may be enjoined from further prosecuting his suit against the plaintiff.

Upon this bill, the Court ordered that, on the payment into Court, by the plaintiff of the sum of $3833.30, an injunction should issue restraining Joseph Zihlman from prosecuting his suit against the plaintiff in respect of the said sum of money.

In his answer to this bill, Joseph claims to be the sole owner of the patent, and as such entitled to the entire sum now in the hands of the plaintiff, and, whilst admitting that the plaintiff has hitherto paid to Anthony one-half of the royalty, he says these payments were made with the consent of the respondent, and for the sole purpose on his part of assisting his brother, and denies that Anthony has any interest in the patent, or any interest in the royalty due by the plaintiff. He therefore prays the Court to direct that the undisputed one-half of the money in the hands of the plaintiff shall at once be paid to him.

Anthony, in his answer, claims to be the owner of the one-half interest in the patent, and entitled therefore to one-half of the royalty due by the plaintiff; but at the same time he objects to the payment of the other half to Joseph, because he says the latter is indebted to him on account of money paid to him for the use of the said patent, by another glass company doing business in the State of Ohio.

Upon the bill and answers the Court ordered, and we think properly ordered, that the undisputed one-half of the royalty due by the plaintiff should be paid to

Zihlman *vs.* Zihlman.

Joseph, leaving the other half to be disposed of by the future order of the Court. There cannot be it seems to us any objection to the payment of this one-half to Joseph. Here was a sum of money paid into Court by a stakeholder, one-half of which was admitted not only by the plaintiff but by Anthony himself to belong to Joseph, and the only dispute was in regard to the other half. Anthony objects, it is true, to the payment of this undisputed one-half to Joseph, not, however on the ground that the latter was not entitled to it under the agreement made with the plaintiff, but on the ground that Joseph is indebted to him on account of other matters in no manner connected with the fund out of which this controversy has arisen. 'Suppose Joseph was indebted to him on account of money paid by another company, this indebtedness constituted no lien on the money in the hands of the plaintiff, nor was it a lien upon the money paid into Court. And having no lien, Anthony had no right to object to the payment of the one-half to Joseph, about which there was no dispute, nor had the Court any right to impound this one-half to await the settlement of other matters in dispute between the parties. The object of the bill of interpleader, was to determine the rights of Joseph and Anthony in respect of the money in the hands of the plaintiff, and not for the purpose of having adjusted other matters of account and dealings between them. And this being so, the decree below must be affirmed.

*Decree affirmed.*

(Decided 15th March, 1892.)