## E. C. BOYLE v. J. T. MANION.

1. INTERPLEADER. *Code* 1892, § 714.

    A defendant, when sued upon a contract made with the plaintiff for the price of timber cut from land, can, under code 1892, § 714, interplead a third person who claims ownership of the land and of the trees cut therefrom.

2. SAME. *Evidence. Title to land.*

    In such case, the party interpleaded should be permitted to show title to the land from which the trees were cut, and that plaintiff had no title thereto.

FROM the circuit court of Sunflower county.

HON. R. W. WILLIAMSON, Judge.

The facts are stated in the opinion of the court.

*J. Holmes Baker* and *C. C. Moody*, for appellants.

The only question is, whether § 714, code 1892, is applicable. It is doubtless true that at common law interpleader was only permissible where both parties claimed the subject of the action under one and the same contract; but, whatever may have been the rule at common law, it seems to us that under said section the matter in dispute in this cause was properly a subject of interpleader. The court will bear in mind that at common law the courts of this state had already jurisdiction of interpleader as it was known at common law, and said section was intended either to define, restrict or enlarge the jurisdiction as it then was. That it was the intention of the legislature to enlarge the scope of interpleader is apparent from the succeeding section (718), where the provisions of § 714 were made applicable to any action brought against a sheriff or any other officer for the recovery of personal property taken by him under execution or attachment, or for the proceeds of property so taken and sold by him.

If it be that interpleader was intended to prevent a multiplicity of suits, and that it was the intention of the legislature to enlarge the scope of interpleader as it was known at common law, then it is apparent that it was the intention of the legislature that there should be no conceivable case where two parties who claimed the same subject-matter of any action, by contract either expressed or implied, could not have their right or claim thereto adjudicated in one suit.

*Southworth & Stevens*, and *J. T. Manion*, for appellees.

This suit involves the construction of § 714, code 1892. The intention of the statute was not to enlarge the right of interpleader as defined and known at common law, and certainly not to extend it beyond its limits as prescribed in equity.

In this case, appellees claim the money, under contract with Dockery, for timber at two dollars per thousand feet, whilst appellants can only claim the value of the timber as in trover.

The parties must be in privity of law, estate or contract. Even in equity, a bill of interpleader will not lie by a debtor against his creditor and a third person who claims the debt, but whose claim is not through privity with the creditor but by title paramount. *Third National Bank* v. *Skillings, etc., Co.*, 132 Mass., 410. Dockery, having cut the timber under contract with appellees, is not a mere stakeholder. Interpleader will not lie if the party seeking it has to aver that, as to some of the parties, he is a mere wrongdoer. Waite's Actions & Defenses, vol. 4, p. 157.

STOCKDALE, J., delivered the opinion of the court.

This case was tried in the circuit court of Sunflower county, on appeal from Justice of the Peace Holt's court. The issue being between plaintiffs below (appellees here) against E. C. and Clarenden Boyle, claimants of a fund paid into court by W. A. Dockery, original defendant, who had been discharged upon affidavit for interpleader.

The fund paid into court by the defendant was $57.19. Both parties claimed it. There was no contention about the amount, nor about identity. Each party contended for the same $57.19 of money then in court awaiting the result of the contentions.

The parties filed an agreement of facts in the cause, as follows, to wit: It is admitted by and between J. T. Manion, attorney for the plaintiff, and Baker & Moody, attorneys for the claimant, that, for the purposes of this suit, and none other, that the money in the hands of the court, being the same in controversy, is the proceeds of timber cut off the west $\frac{1}{2}$ of the southwest $\frac{1}{4}$ of section 31, township 22, range 4, west, in Sunflower county, Mississippi. Thereupon the defendants or claimants offered evidence to prove title in themselves to said west $\frac{1}{2}$ of southwest $\frac{1}{4}$ of section 31, township 22, range 4, and that plaintiffs had no title to the land. The court, on objection, refused to allow claimants to make such proof, and rendered judgment for plaintiffs; that they have judgment for

the $57.19 in the hands of the clerk, and the clerk pay the same over to them.   Claimants moved for a new trial, which, being overruled, they appealed here.

There was no question of identity or amount in this case. Each party claimed and contended for the same money, then in the hands of the court, $57.19.   It being admitted that all the money arose from the price of trees cut upon and removed from the west ½ of southwest ¼ of section 31, township 22, range 4, the contention was reduced to the question of who owned that land.

Appellee contends that his claim is based on contract, and appellants claim on claim for cutting trees, or the value thereof. Appellee's contract provided only that Dockery should cut trees from this land, and pay $2 per thousand for the lumber he got out of them.   There was no sum fixed, and Dockery was not bound to cut any number of trees, but to pay for what he should cut, and the money became due as he cut each tree; and appellees, plaintiffs below, made out an account against him for so many thousand feet of lumber, credited him with cash, and sued on that account for balance.   In point of fact, it was a suit on open account for a number of trees cut from this land, or the lumber that was in them.   The claimants had the right to waive the tort and sue in assumpsit, and his claim of the money amounts to that.   So that it seems that these parties are in the same condition as if each had a separate suit against the same man for the same amount of money, arising from a claim for lumber produced from trees cut from the same land, each having filed his account, and the original defendant, Dockery, had the right, as we think, to rid himself of the vexation and harassment of two suits by paying the money into court, having conformed to the provisions of § 714, code of 1892.

The contention that interpleader will not lie in the case at bar because claimants claim by paramount title, and not by any privity with the debtor, cannot obtain, as we think.   If the

subject of contention were a horse or a piano or a watch, the title would be involved; the question would be who owned the property.  If the trees on the land in question had been felled and removed from the land and piled up, or converted into lumber, each party claiming possession of it, the defendant could have interpleader.  And when it is converted into money, and the money in sight, and each party claiming it, he ought to be allowed to escape vexation and expense of two suits or three suits.  The sole question remaining to settle the controversy was for the court to ascertain which party owned the land that produced the money, which was competent for it to do.  That the trial may involve an investigation and determination of whether or not the plaintiff is owner of the land does not affect his right to sue.  *Miller* v. *Wesson*, 58 Miss., 831.

We are of opinion that the court below erred in refusing defendants the right to prove the title of the land in question in themselves, and that plaintiffs had no title to said land, and therefore the motion for a new trial ought to have been sustained.

*The judgment of the court below is reversed, a new trial granted, and the cause remanded.*