## HICKINGBOTTOM *v.* LEHMAN *et al.*

### [87 South. 149, No. 21531.]

1. ADVERSE POSSESSION. *Ten years' actual adverse possession under claim of ownership vests title in occupant.*
   Ten years' actual adverse possession of land by a person claiming to be the owner thereof vests title in him thereto.

2. REPLEVIN. *Title to land cannot be tried.*
   The title to land cannot be tried in an action of replevin.

3. REPLEVIN. *Actual possession under claim of title sufficient for recovery of logs cut by trespassers.*
   Proof of actual possession of land under claim of title is sufficient to enable a plaintiff to recover possession of logs cut and removed from the land by the defendants, who in cutting the logs were mere trespassers.

APPEAL from circuit court of Franklin county.

HON. R. L. CORBAN, Judge.

Action by Missouri Hickingbottom against Carl Lehman and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

*Theo. McKnight,* for appellant.

It is too well settled, by this court, in *Patterson* v. *Polk,* 67 Miss. 163, and kindred cases, for disputation, that replevin is the correct remedy. In addition to the proof that her husband once had a deed under which he went into possession of the land on which the logs were cut appellant showed, by a number of her white neighbors, that she and her husband had been in the actual adverse possession and claim of ownership of the land from which the trees were cut for the last thirty-five years.

Appellees showed no title in themselves nor did they connect themselves with the true title or ownership of either the land or the timber cut, and they stand in this record as trespassers intruding upon the possession of appellant,

and had no right whatever to the peremptory instruction granted them by the court below.

"Proof of actual possession of land will make a *prima-facie* case of title and right as·against any but the true owner or one connecting his title within him, so as to enable the person in possession to recover in replevin timber severed from the land by a trespasser intruding upon his possession." 24 A. & E. E. (2 Ed.), page 488, Sufficiency of Title.

The contention, that the testimony, of appellant and her son, was violative of the statute prohibiting persons to testify in establishing their own claim against the estate of deceased persons, was without merit and should not have been sustained by the court below.   Under the evidence in this case, of record, there was no failure of appellant to show title in herself to the land, nor to show that the timber was cut and taken from land belonging to her, but if there were any question about these things it should have been submitted to the jury.

But, this same motion for a peremptory instruction confesses that appellant had shown title in herself and insists that she has not shown herself to be the sole owner. An owner does not have to be the sole owner in order to protect his property from trespass or theft.

One of the purposes for the introduction, on the trial, by appellants, of the officer's return on the writ of replevin, was for the purpose of securing the benefit of the provision, section 2221, Code 1906, which provides: "The valuation of property by the officer in his return shall in all cases be *prima-facie* evidence if the value of the property. By the return of the officer on the writ of replevin, offered in evidence the value of the logs levied·upon is shown to be the sum of three hundred ninety-nine dollars and fifty-one cents.

A verdict for the appellant, upon the evidence in this case, of record, certainly should not have been set aside as unwarranted and if I am correct in this, then the peremptory instruction for the defendant ought not to

have been given.    *Anderson* v. *Cumberland Co.,* 86 Miss.
341.

*L. A. Whittington,* for appellee.

It may be asked what is the basis of plaintiff's title, ad-
verse possession or by conveyance or deed?    A careful
reading of the evidence of the plaintiff shows that it can-
not be a title perfected by adverse possession, for she says
that her husband only commenced claiming it as his own
and paid for about eight years ago, and that she says
was when he lifted it from Mr. Hirsch.    Yet she further
says that Mr. Ledden lifted it from Mr. Hirsch, and that
her husband finished paying Mr. Ledden for it before he
died.

If this record shows anything at all, and we must con-
fess that the purposes of the evidence appear confusing
rather than clear, it shows that Ledden had the legal title
to the land at the time of his death; that he had never
parted with this title; that Jake Hickingbottom and the
plaintiff herein, at the most had been making an effort to
buy it and pay for it and went on the land and in posses-
sion of it; it is admitted by the plaintiff that this is true,
and by her it is further admitted that the land according
to her contention was only paid for by her husband a little
while before Mr. Ledden died.    Can it be said that there
is any evidence shown by this record to be competent and
trustworthy to establish a title to this land; is there any
competent evidence in this record to show that Jake Hick-
ingbottom ever paid to Ledden any part of the purchase
price for this land.    On the contrary, does not the evi-
dence show conclusively that Alvin Hickingbottom, the son
of Jake Hickingbottom and the agent of plaintiff herein,
recognized the title to this land to be in Ledden, tried to
buy it himself, offered therefor its full value.    At the time
the timber was cut neither the plaintiff nor her son Alvin
Hickingbottom raised their voice in protest or made any
adverse claim thereto to appellees; but on the contrary

as shown by the record they were trying to buy the land themselves from Mr. Ledden's representatives and heirs, and one of their witnesses was trying to buy the timber from them, if they could buy the land from Ledden.

We respectfully submit that the action of the court in sustaining the motion of appellees for peremptory instruction for appellees was the only action consistent with the facts in this case and the law that could have been taken, because the plaintiff had wholly failed to establish her right to the property or the possession thereof or title to the land.

SMITH, C. J., delivered the opinion of the court.

This is an action of replevin in which the appellant seeks to recover from the appellees the possession of a number of oak and poplar logs cut by the appellees without the appellant's consent from land in her possession. The appellant introduced no evidence in the court below for the reason that when the appellant rested her case the court excluded her evidence and directed the jury to return a verdict for the appellees.

The ground on which it is sought to uphold the ruling of the court below is that the appellant has no title to the land from which the logs were cut. It appears from the evidence that the appellant is the widow of Jake Hickingbottom, who died several years before the institution of this suit, and who purchased the land about thirty-five years before the logs were cut therefrom from a man by the name of Wentworth, who placed him in possession of the land, and he thereafter remained continuously in possession of it, claiming it as his own until his death. The appellant is now in possession of the land, and has been, since the death of her husband, claiming it as her own. The land was erroneously described in the deed from Wentworth to Jake Hickingbottom, which error Wentworth promised to, but did not, correct.

If this evidence is true, the title to the land vested in Jake Hickingbottom by adverse possession (section 3094, Code of 1906; Hemingway's Code, section 2458), and the appellant is now the sole owner thereof, unless her husband left other heirs who are entitled to an interest therein. But the title to land cannot be tried in an action of replevin *Campbell* v. *Brooks,* 93 Miss. 853, 47 So. 545, 20 L. R. A. [N. S.] 507, 17 Ann. Cas. 1017), and it is not necessary for the appellant to be the owner of the land from which the logs were cut in order for her to recover herein, for her possession of the land under claim of ownership is sufficient for that purpose as against the appellees, who in cutting the logs, according to the evidence, were mere trespassers. *Miller* v. *Wesson,* 58 Miss. 831; *Phillips* v. *Gastrell,* 61 Miss. 413; Cobbey on Replevin (2d Ed.), sections 69 and 376; 23 R. C. L. 868; 24 Am. & Eng. Enc. L. 488; notes to 85 Am. Dec. 322, 89 Am. Dec. 429, and 69 L. R. A. 732.

*Reversed and remanded.*