PRATT D. PHILLIPS ET AL. *vs.* JACOB E. TAYLOR
ET AL.

*Interpleader—Character of Claims—Effect of Judgment at Law—Estoppel of Cotenant—Construction of Will.*

Where, after one cotenant of land had made a contract for the sale of all the timber on the land, and while the purchaser was cutting the timber, the other cotenant's representative, having ample authority, went on the land and, without objecting to the sale or the cutting, stated that his principal would claim half the proceeds of the sale, thus justifying the purchaser in proceeding with the cutting on the assumption that the other cotenant had no objection, the latter was estopped thereafter to assert rights in opposition to the contract of sale.

pp. 160, 161

A bill will lie at the suit of persons who cut and removed timber from a tract of woodland under a contract with one whom they assumed to be sole owner, to require an interpleader between that one and another, who later claimed a half interest in the land and timber, to determine the rights of the claimants

to half the proceeds of the contract, in the plaintiff's possession, it being immaterial that one claimed as devisee and the other as heir, that one claimed the whole proceeds and the other but half, and that plaintiff's contract was with one alone.

pp. 161, 162

If a stakeholder defends a suit by one claimant and allows it to proceed so far as a judgment against him without filing a bill of interpleader, it then becomes too late for him to do so.

pp. 162, 163

A judgment by confession, entered without warning to the debtor or opportunity for defense, does not bar a bill by the debtor, in the nature of a bill of interpleader, against the judgment creditor and another, to determine their respective rights to the fund in question, since only in a court of equity, and by such a bill, can the objection to the judgment be fully tried and determined, a motion at law to strike out the judgment being insufficient to accomplish the purpose.                    p. 163

In this State, judgments entered by confession are freely stricken out on motions at law to let in defenses.                    p. 163

Decedent's will specifically devising a tract of land, without any mention of another tract belonging to decedent, and it not containing any residuary clause, *held* that such other tract passed by descent.                    p. 164

The presumption against intestacy arises more especially when the will contains a clause disposing of all residuary estate, and it must always be in harmony with the will as it is.    p. 164

*Decided April 16th, 1925.*

Appeal from the Circuit Court for Wicomico County, In Equity (DUER, J.).

Bill by Pratt D. Phillips and others, constituting the firm of P. D. Phillips & Brother, against Jacob E. Taylor and Hannah E. Ross. From a decree dismissing the bill, plaintiff appeals. Reversed.

The cause was argued before BOND, C. J., URNER, ADKINS, OFFUTT, DIGGES, PARKE, and WALSH, JJ.

*Levin C. Bailey* and *Frederick W. C. Webb,* with whom were *Woodcock & Webb,* and *Miles, Bailey & Miles,* on the brief, for the appellants.

*F. Leonard Wailes* and *Charles E. Sheppard,* with whom were *F. Grant Goslee,* and *Ellegood, Freeny & Wailes* on the brief, for the appellees.

BOND, C. J., delivered the opinion of the Court.

The question on this appeal is whether a bill will lie at the suit of persons who cut and removed timber from a tract of woodland under contract with one whom they took to be sole owner, to require an interpleader between that one and another, who later claimed a half interest in the land and timber, in order to settle the rights of the claimants to half the proceeds of the contract in the plaintiffs' hands.

Isabella Taylor, since deceased, received by deed in 1896 two parcels of land in Wicomico County separately described in the deed as one of fifty acres and one of eighteen acres. The fifty acre tract had long been developed as a farm, and had been lived on and farmed by Isabella Taylor even before the deed of 1896, and she lived on it up to her death. Her son, Jacob E. Taylor, lived on it with her and farmed it for a year or more before her death. The other parcel was a woodland tract of eighteen acres about half or three-quarters of a mile away from the first, and entirely separated from it. By her will Isabella Taylor devised to her son, Jacob E. Taylor, a tract "containing about fifty acres, more or less," which she described as "being the same place where I and my husband, James Taylor, lived during his lifetime and at the time of his death," and located generally in terms similar to those used in the deed describing the fifty acre tract alone. The will made no mention of another parcel of land, and it contained no residuary clause.

The son, Jacob E. Taylor, in 1920, made a contract with the appellees, who constituted a firm known as P. D. Phillips & Brother, to cut and carry off timber from the eighteen

acre tract; and in the next two years that was done.  The
contract price was $2,500, and of that $100 was paid at the
time of making the contract, and for the remaining $2,400
a note, payable one year from date, and containing au-
thority for the entry of judgment by confession for the
amount, was given by the appellants to Taylor.  It appears
from testimony taken that some months later, and just after
the cutting of the timber had begun, an attorney represent-
ing Mrs. Ross, under a formal power of attorney giving him
wide powers, came upon the land and gave the appellants
notice of a claim by Mrs. Ross of co-ownership in the tract,
on the theory that the will of Isabella Taylor did not dis-
pose of it and that it therefore descended to the two children
as co-heirs.  The attorney talked of selling Mrs. Ross' in-
terest to the appellants, and according to the preponderance
of the testimony, stated that Mrs. Ross would claim half of
the proceeds of the contract, and warned appellants against
paying more than half to Taylor.  On December 31st, 1921,
the note to Taylor alone having matured, and payment hav-
ing been refused, judgment by confession was entered
against the appellants by Taylor, under the authority con-
tained in the note.  The appellants were advised by their
counsel not to make payment to Taylor alone until the rights
of the two claimants were determined, unless Taylor would
give a bond to secure the appellants against loss on account
of Mrs. Ross' claim.  Payment upon this condition was
offered, but was declined.  Thereupon, the present bill, to
compel Taylor and Mrs. Ross to interplead, was filed, and
the money was paid into court.  Two years later a suit was
filed by Mrs. Ross against the appellants for trespass.

The court below by its final decree dismissed the bill.  In
this, we think, there was error.

In the contract Taylor clearly dealt with the land and
timber as sole owner, selling "all the growing timber and
wood of every kind and description" upon the tract of land
described; and the testimony shows that the amount to be
paid represented the value of the whole.  There is addi-

tional testimony that Taylor represented that he was sole owner. And although the contract did not of itself affect the interests of Mrs. Ross, if she had any, our conclusion is that after her attorney, acting under the ample authority contained in his power of attorney, went upon the land during the cutting of the timber and announced that his client would lay claim to one-half the proceeds of the contract, as we find from the evidence he did, thus inducing and justifying the appellants in proceeding with the cutting and removal of the timber upon the assumption that there was no objection to be made on the ground that Taylor alone made the sale, or that the cutting amounted to waste and destruction of the cotenant's interest, it was too late for Mrs. Ross to insist upon rights in opposition to that contract. *Carmine v. Brown*, 104 Md. 198, 204. Therefore, the appellants were holders of a fund representing the whole purchase price of timber, and were confronted with conflicting claims to ownership of one-half of it.

According to the rules adopted in some of the cases elsewhere, there might perhaps, be an objection made to the bill on the ground of the lack of privity in the claimants, when one claims as devisee and the other as heir. *Pomeroy on Equity Jurisprudence,* sec. 1324; *Fogg v. Goode,* 78 Fla. 138. But such a rigid requirement of privity has not been insisted upon in the Maryland decisions, and it has now been considerably relaxed in other jurisdictions. See review of cases in 30 *Yale Law Journal,* 814; note *L. R. A. 1918D,* 1172. The case at bar is closely similar to that of *Zihlman v. Zihlman,* 75 Md. 372, in which a corporation had made a contract with the sole patentee of a device for its use upon payment of all royalties to him, and was confronted with a claim of title to a half interest in a brother of the patentee arising out of an alleged joint working out of the device, and joint ownership by an agreement antecedent to the taking out of the patent. The corporation filed a bill for an interpleader. There were, thus, conflicting claims to the ex-

tent of one-half of a single obligation; and Judge Robinson, for this Court, in affirming the allowance of the bill, said the case was a plain one. And we think any difference between that case and this one in respect to the privity of the parties is immaterial. *Boyle v. Manion,* 74 Miss. 572. And the decision in *Zihlman v. Zihlman, supra,* disposes of any question which might be thought to arise out of the difference in the amounts claimed by Taylor and Mrs. Ross. It is no obstacle to the allowance of the bill. *North Pacific Lumber Co. v. Lang,* 28 Oreg. 246; *School District v. Weston,* 31 Mich. 85; *Enterprise Lumber Co. v. First Nat. Bank,* 181 Ala. 388; 30 *Yale Law Journal* 814. And so with the objection that the existence of a contract with one of the claimants only gives the stakeholder such an interest in the result that he cannot require the claimants to interplead. The decision in *Zihlman v. Zihlman, supra,* dispenses with the necessity of considering whether this contract with Taylor gives rise to a conflicting interest. There must be comparatively few cases in which the stakeholder has come into possession without a contract; and if the existence of any contract at all should always prevent the remedy of interpleader, it would be a remedy of little usefulness. *Cababe on Interpleader* (2nd Ed.), 22, 23. And in this case if Taylor, who made the contract, did not have title to all he sold, there would be a failure of consideration *pro tanto,* and he could not be allowed a recovery for the disputed half, despite his contract, despite his note, and despite his judgment. *Disharoon v. Waters,* 114 Md. 456; *Dorsey v. Hobbs,* 10 Md. 412. Therefore, the total liability of the plaintiff in the bill would be the same whatever the outcome of an interpleader between the conflicting claimants.

Whether the fact that a judgment by confession has been entered on the note given to Taylor may bar a strict bill of interpleader, because it necessitates the asking of affirmative relief to the stakeholder, is a more difficult question. If a stakeholder defends a suit by one claimant and allows it to proceed so far as a judgment against him without filing a

bill of interpleader, it then becomes too late for him to do so. *Union Bank v. Kerr,* 2 Md. Ch. 460;; *Home Life Ins. Co. v. Caulk,* 86 Md. 385, 390; *Gonia v. O'Brion,* 223 Mass. 177. It is one of the main offices of a bill of interpleader to restrain a separate proceeding at law by a claimant so as to avoid the resulting partial judgment; and if the stakeholder acquiesces in one claimant's trying out his claim and establishing it at law, he cannot then have that part of the litigation repeated in an interpleader suit. 4 *Pomeroy's Eq. Jur.,* sec. 1320; *Mitford's Eq. Pldg* (Tyler's Ed.), 147, 236 ;*Langdell's Summary of Eq. Pldg,* sec. 162; *De Zouche v. Garrison,* 140 Pa. St. 430. But it may be argued with no little force that a judgment by confession, entered, as it is, without warning to the debtor or opportunity for defense, shall not be taken to oppose any greater obstacle to interpleader than the mere entry of a claimant's suit, or the filing of a lien in appropiate cases. In this State, at least, judgments entered by confession are freely stricken out on motion at law to let in defenses. We do not need to pursue this question, however, as the bill here may be taken as a bill for affirmative relief, in the nature of a bill of interpleader, and that will serve the plaintiff's purposes sufficiently well. *Weikel v. Cate,* 58 Md. 105, 111; *Home Life Ins. Co. v. Caulk,* 86 Md. 385, 390. It is true that the stakeholders could have filed a motion at law to strike out the judgment, but they could not have settled by that remedy the difficulty in which they found themselves. The court of law, not having jurisdiction over Mrs. Ross in the proceeding before it, could not have the validity of her claim tried out and the ground of the motion carried beyond a mere possibility. Only in a court of equity, and by a bill in the nature of a bill of interpleader, could the objection to the judgment be conclusively tried and determined; and we consider that the proper remedy. *Van Winkle v. Owen,* 54 N. J. Eq. 253; *Illingworth v. Rowe,* 52 N. J. Eq. 360; *Board of Education v. Scoville,* 13 Kans. 17.

In our opinion, then, there was at the time of the filing

of this bill, and has continued to be at least up to the decision of the cases on appeal, such a just apprehension of a double claim to half of the one debt, that the bill was maintainable by the debtor.

Whether Mrs. Ross is entitled to a share of the proceeds of the sale of timber off the land depends upon whether Isabella Taylor devised only the fifty acre farm tract to Jacob Taylor, or devised that and the eighteen acre woodland tract as well. The terms of the devise seem to us to permit no reading into it of an intention to include the eighteen acre tract of woodland. They are so specific that they indicate rather an oversight or intentional omission. The presumption against intestacy, or the inclination of the courts to assume an intention on a testator's part to make a disposition of all his property in any will he may make, is relied on, but that presumption arises more especially when the will contains a clause disposing of all residuary estate, and it must always be in harmony with the will as it is. "While every presumption is to be made against intestacy where the will purports to dispose of the residue of the estate, yet such presumption does not change the clear effect of the language which the testatrix has chosen to employ." *Henderson v. Henderson*, 131 Md. 308, 313; *Hill v. Safe Deposit Co.*, 101 Md. 60. And in the present will there is no clause for the disposition of the residuary estate, and the terms of the devise in question seem to us, as has been said, clearly opposed to the inclusion of the woodland tract. In our opinion, therefore, the tract did not pass to Jacob E. Taylor under the will, but descended to him and his sister, Mrs. Ross, as co-heirs of their mother.

The whole controversy is fully presented on the record, and it appears to be ready for settlement by a comprehensive decree, without further proceedings. It is the opinion of this Court that a decree should be passed ordering that one-half of the costs above and below be paid by the complainants, and the other half be paid out of the money due on the contract for the sale and cutting of the timber and paid into

court; that the remainder of the money paid into court be divided between Mrs. Ross and Jacob E. Taylor in such amounts that Mrs. Ross shall receive one hundred dollars more than Taylor to offset the like amount paid him upon the execution of the contract, and that the judgment by confession of Jacob E. Taylor against the complainants be entered satisfied.

> *Decree reversed for further proceedings in accordance with this opinion, costs above and below to be paid, one-half by the appellants and one-half out of the money paid into court.*