# TRALLES

*v.*

# THE METROPOLITAN CLUB.

---

EQUITY; BILL OF INTERPLEADER.

1. A bill of interpleader is not maintainable by a stakeholder against the claimants of the fund in his hands when he has already contested his liability to them in an action at law and judgment has been rendered against him, and where there is nothing of an equitable character involved upon which the court of law was not competent to pass.

2. Where a stakeholder defends an action at law to recover the fund in his hands upon the ground that the fund belongs to other claimants who are not parties to the action, and judgment is rendered against him, the fact that such other claimants are parties to a bill of interpleader subsequently filed by him, will not add an element of equity to the controversy which will render the bill of interpleader maintainable.

No. 1121. Submitted October 4, 1901. Decided November 5, 1901.

HEARING on an appeal by one of several defendants from an order of the Supreme Court of the District of Columbia, requiring the defendants to interplead as to their claims to a fund in controversy and continuing a restraining order previously granted, enjoining the defendants from proceeding at law. *Reversed.*

The COURT, in its opinion, stated the case as follows:

This is an appeal [by one of several defendants] from an order or decree of the Supreme Court of the District of Columbia in a suit in equity, instituted by the appellee, The Metropolitan Club, as complainant, whereby the other par-

ties, George E. Tralles, Frederick Grunewald, William D. Edson, Joseph S. McCulloch, John W. Lynn, and Frank Tubbins, were required to interplead between themselves as to their right to certain money held by the complainant and originally contracted to be paid by it to the appellee Grunewald, and were enjoined from proceeding at law against the complainant on account of such money.

The Metropolitan Club, a body corporate in the District of Columbia, was, on or about December 31, 1900, indebted to Grunewald, as the surviving partner of W. M. Moreland and Company, in the sum of $285.53, for goods sold and delivered to it by said Grunewald. The latter became financially involved. On December 31, 1900, the appellee John W. Lynn obtained judgment against him before a justice of the peace for $96.64. On the same day, December 31, 1900, the appellees Edson and McCulloch, trading as Edson Brothers, obtained judgment against Grunewald before the same justice of the peace for the sum of $240.79. Subsequently, on January 9, 1901, attachments by way of execution were laid in both of these suits on the money in the hands of the Metropolitan Club. The club, on January 16, 1901, made answer to each writ of attachment. The answer was identical in both cases, and was in the following terms:

" On or about January 1, 1901, the Metropolitan Club became indebted to the defendant (Grunewald) in the sum of $285.53. On or about January 2, 1901, the said club received from the defendant an order authorizing Frank Tubbins to collect the said indebtedness. On or about January 7, 1901, the said club received from G. E. Tralles a notice that the said defendant had assigned to him the said indebtedness of the said club. The said indebtedness has not been paid; but the said club stands ready to pay the same to the party who is entitled to receive it."

As stated in this answer, the defendant Frank Tubbins had, on January 2, 1901, received from Grunewald an order on the Metropolitan Club to pay to him (Tubbins) the amount of the indebtedness of the club to Grunewald.

Apparently, however, this was only to secure to Tubbins the sum of $49 due to him by Grunewald, which, it seems to be conceded by all the parties, should be first paid to him out of the fund in controversy. No one seems to contest his claim or its priority, although the nature of it is not disclosed by the record.

As also stated in the answer of the club to the writs of attachment, the appellant Tralles, on January 7, 1901, addressed a notice to the club that Grunewald had assigned the indebtedness to him; and the club in due time acknowledged receipt of the notice. This assignment appears to have been for the benefit of creditors, but not of all the creditors,— for Lynn, Edson Brothers, and Tubbins were not named in it; and it appears not to have been anywhere recorded, nor did it convey all of Grunewald's property.

Issue was joined by Lynn in his suit against Grunewald on the answer of the club to the writ of attachment. Tralles at this point intervened, and became a party to the suit. The matter came on before the justice of the peace on February 5, 1901; and the justice on the same day rendered judgment of condemnation against the club and in favor of Lynn; and Tralles appealed. The judgment was for $96.64.

At the same time, or immediately afterwards, the justice of the peace rendered a judgment of condemnation against the club and in favor of Edson Brothers for as much of the indebtedness of the club to Grunewald as might be left after the satisfaction of the judgment in favor of Lynn and the payment of $49 to Tubbins. Tralles had not intervened in this Edson suit as he had in the Lynn suit. It is alleged by the club that Tralles had due notice that this suit, as well as that of Lynn, would come on for hearing on February 5, 1901, on the writ of attachment and the answer thereto of the plaintiff. This Tralles does not deny: he only denies that he had any notice of a joinder of issue therein; and he admits that there was an agreement between counsel that whatever judgment was entered in the one case should be entered in the other.

On January 31, 1901, Tralles brought suit in the name

of Grunewald for his use against the Metropolitan Club before another justice of the peace for the whole sum of $285.53, due from the club to Grunewald; upon which judgment was rendered in favor of the club, and Tralles appealed.

On May 21, 1901, there was filed in the Supreme Court of the District a stipulation or agreement of the parties in both of the cases so appealed — the attachment proceedings in the Lynn case, wherein Tralles had appealed, and the suit instituted in the name of Grunewald to the use of Tralles — wherein the facts heretofore stated and not controverted were set forth; and trial was had in the two cases upon such agreed statement of facts. Judgment in both was rendered in favor of Tralles, in the first to the effect that the attachment proceeding should be quashed, and in the second to the effect that Tralles should recover from the club the sum of $236.53, and that the club should pay $49 to Tubbins. This judgment was rendered on June 7, 1901.

Immediately thereafter the club filed the present bill of interpleader, and on June 26, 1901, an amended bill of interpleader, in which the foregoing facts were stated, and upon which, after answer by Tralles and by Edson and McCulloch insisting upon their rights under their respective judgments against the club, there was, on July 15, 1901, an order or decree rendered requiring the defendants to interplead between themselves and continuing the preliminary injunction that had been granted to the final hearing of the cause, the complainant having paid the money into court.

From this order Tralles alone has appealed.

*Mr. A. A. Birney* and *Mr. H. F. Woodard,* for the appellant:

An interpleader cannot be maintained after both claimants have obtained judgments, or even after one has done so, for the very purpose of the bill is to save the stakeholder from the annoyance of trials at law. The rule is inflexible and supported by many decisions. The facts having actually been tried at law, the court of equity is without power to

review the judgment or judgments, or to enjoin execution thereof, except for fraud in obtaining them.   11 Ency. Pl. & Pr., p. 462, and note; *Haseltine & Walton* v. *Brickey et al.,* 16 Gratt. 116; *Cheever* v. *Hodgson,* 9 Mo. App. 568; *McKinney* v. *Kuhn et al.,* 59 Miss. 186; *Yarborough* v. *Thompson,* 3 S. & M. 291; *Mitchell* v. *N. W. Manf. & Car Co. et al.,* 26 Ill. App. 295.   In Maryland the rule was considered too well settled to permit of discussion.   *Union Bank of Maryland* v. *Kerr & Glenn,* 2 Md. Ch. 460.   Relief against an erroneous judgment cannot be granted in equity. Hilliard on Inj., pp. 29, 193–195.   To entitle a court of equity to enjoin a judgment two circumstances must appear :. 1. That it would be contrary to equity and good conscience to allow enforcement.   2. That the facts which make it so were not available at law.   *Stare Decisis and Res Adjudicata* (Wells), 496; *Insurance Co.* v. *Hodgson,* 7 Cr. (S. C.) 335; *Marshall* v. *Holmes,* 141 U. S. 596.   There is nothing: in this case to distinguish it from the interpleader cases. above cited.   In many of them the stakeholder was liable to pay his original debt twice; but this was held no ground. for intervention.

*Mr. James H. Hayden,* for the appellee:

1. It is undoubtedly true that courts of equity are slow· to disturb or undo the work of law courts.   They will not permit a resort to equity merely to litigate again the same· question.   They will not relieve a party who has been guilty of *laches*.   But where a party has not been thus guilty, where· he has been unable to secure a fair and complete hearing at law, and by reason thereof is in danger of unjust exactions,. it is the duty of equity to intervene.   *Freeland* v. *Williams,* 131 U. S. 405, 418; *Johnson* v. *St. Louis, etc., Railway,.* 141 U. S. 602, 610, 611; *Philips* v. *Negley,* 117 U. S. 665,. 675.   In the present case it was not possible for the Metropolitan Club to bring all of the parties together before a· court of law, in order that the respective merits of their con-- flicting claims could be tested.  . Tralles was careful to bring·

his suit against the club before a justice of the peace other than the one before whom the cases of Lynn and Edson Brothers were tried. Tralles intervened in the case of *Lynn v. Grunewald,* and took an appeal from the judgment of condemnation entered therein, while, with an equally good opportunity, he avoided putting himself on record in the case of Edson Brothers. In none of the proceedings at law could a judgment have been entered which would have passed upon the relative merits of the claims of all of the defendants and been conclusive upon all of them, and so enabled the club to know what person was entitled to receive the money. After judgment on appeal in the case of *Tralles* v. *Metropolitan Club* it stood liable to pay more than the whole amount of its indebtedness, to satisfy that judgment, and the one obtained by Edson Brothers. Again, Tubbins has never appeared in court. His claim is still valid. He is not concluded by Tralles' judgment, which allows him $49. He may still bring suit against the club, claiming that by virtue of his order on the club, which antedated Grunewald's assignment to Tralles, he is entitled to the whole amount. It may be true that the agreed statement of facts upon which the cases of *Lynn* v. *Tralles,* and *Tralles* v. *Metropolitan Club* were tried is substantially the same as the statement contained in the amended bill; but the trial court had no authority to adjudicate any issues except those between the parties before it. It was proper to consolidate the two actions for the purpose of trying them together, because the parties consented, but the trial court had no authority to embrace its rulings in the two cases in one judgment as it did. It had no authority to include in its judgment the award in favor of Tubbins, who was not in court and could not have been brought in. Nor did the court attempt to adjudicate the claim of Edson Brothers, who were not in court, and could not have been brought in. 4 Ency. of Pl. & Pr., p. 677.

2. On the facts the club is not chargeable with *laches.* The court below, in granting the injunction, followed the doctrine laid down by the Supreme Court in cases cited

38

above, namely, that the entry of a judgment at law, alone,
does not preclude a court of equity from inquiring into the
facts, and, in a proper case, from forbidding the execution
of the judgment. See also *Lozier* v. *Van Suan,* 3 N. J. Eq.
325; *School District* v. *Weston,* 31 Mich. 87.

Mr. Justice MORRIS delivered the opinion:

It sufficiently appears from the record of this case that all
the facts stated in the amended bill of complaint of the
Metropolitan Club were set forth in the statement of facts
submitted to the court of common law in the consolidated
causes of *Lynn* v. *Tralles,* intervenor, and *Grunewald to the
use of Tralles* v. *Metropolitan Club,* and were there adju-
dicated. Nothing new is here set up which was not fully
set up in those causes. It is very true that Edson and Mc-
Culloch were not parties to those causes, and were not before
the court in them, and consequently that their rights
were not involved and could not have been concluded
by the judgment or judgments rendered therein. But the
facts constituting their claim were before the court, and
were relied on by the Metropolitan Club as constituting a
defense to the claim of Tralles against it. The whole sub-
ject-matter of the present suit was litigated in those causes;
and there was nothing of an equitable character involved
upon which the court of common law was not competent to
pass.

This being the case, it is not competent for parties to liti-
gate the same precise matter again in a court of equity, and
thereby to convert the court of equity into a tribunal for the
review of the judgment of the court of common law. Both
upon reason and upon authority we regard it as well-settled
law that a bill of interpleader cannot be maintained by a
stakeholder against claimants of the fund in his hands when
he has already contested his liability to them in a court of
common law and judgment has been rendered against him.
*Union Bank* v. *Kerr and Glenn,* 2 Md. Ch. 460; *Cornish* v.
*Tanner,* 1 Younge & Jervis, 333; 3 Daniell's Chan. Pr.,

p. 1755; *Haseltine* v. *Brickey,* 16 Gratt. 116; *Cheever* v. *Hodgson,* 9 Mo. App. 565; *McKinney* v. *Kuhn,* 59 Miss. 186; *Yarborough* v. *Thompson,* 3 S. & M. 291; *Mitchell* v. *N. W. Manf. & Car Co.,* 26 Ill. App. 295; *Fairbanks* v. *Belknap,* 135 Mass. 179.

'A stakeholder having money in his hands claimed by two or more persons, and to which he himself has no claim, has two courses open to him,— one to await suit by the parties and defend as best he can the interest of the party whom he regards as best entitled, and the other to file a bill of interpleader in equity against all the parties requiring them to litigate the matter between themselves.  In the adoption of the first course he assumes the risk of having more than one judgment rendered against him for the same money and of being required to pay to each of two or more persons a sum which in justice and equity he should only pay once. Hence only in equity by the adoption of the second course can he protect himself completely and escape personal liability to any of the claimants.  But it is very plain that he may not pursue both courses, and that, if he would avail himself of the protection of equity, he should not litigate with the parties at common law and have judgment rendered against him.  It is the special purpose of a bill of interpleader not only to protect the stakeholder against several suits by two or more claimants, but likewise to save all the parties against the cost and annoyance of several independent suits.  Something is due to the claimants in such cases as well as the stakeholder.  The former should not be put to the trouble of litigating their claims twice any more than the latter should be twice rendered liable for the one amount in his hands. A bill of interpleader, seasonably filed, is sufficient to protect all interests alike, and to determine to whom in justice the money should be paid; and if the holder of the money does not choose to avail himself of this safeguard at the proper time, and, on the contrary, puts the parties to the trouble and expense of forcing him to judgment, he has only himself to blame for his predicament.  Judgments rendered against him in such case are not unjust judgments for which he is

entitled to the intervention of equity, but adjudications provoked by himself with full knowledge of the risks which he incurs.

Only two cases appear to have been found which seem to contravene the doctrine that a bill of interpleader cannot be maintained after the rendition of judgment at common law on behalf of one or more of the claimants against the stakeholder. One of these is the case of *Lozier* v. *Van Saun,* 3: N. J. Eq. 325, and the other is that of *Hamilton* v. *Marks,* 19 Eng. Law & Eq. Rep. 321. But these cases are rather exceptions to the rule than authorities against it; and they so purport to be upon their face.

In the case of *Lozier* v. *Van Saun* there had been a judgment of condemnation at law rendered against administrators of an estate who held a disputed fund. But it appeared that their defense to the claim was entirely equitable and could not have been availed of in the suit at law. And in the case of *Hamilton* v. *Marks,* in which also a bill of interpleader was sustained after a judgment at law against the complainant in the bill procured by one of the claimants, the fund in controversy consisted of the proceeds of a policy of insurance, liability upon which was contested, and it was necessary to establish the liability by a suit at common law and judgment thereon. No doubt other exceptional conditions of a similar character might arise. But these do not militate against the general rule, that a person having a fund in his hands which he concedes not to belong to himself, but to some one or other of the claimants who make demand upon him for it and between whose conflicting claims he cannot safely determine, is not justified in litigating the matter with any one or more of such claimants at common law, and upon being defeated there, resorting to a court of equity for a second trial of the same issue by way of a bill of interpleader. The principle of *res adjudicata,* now so well established, forbids any such proceeding.

It is no answer to this proposition in the present case that the appellees Edson and McCulloch are parties to the present proceeding and were not such to the consolidated suits at

law which have been mentioned; and, therefore, that their presence adds a new element of equity to the controversy, which was absent from those consolidated suits. But the complainant in the bill of interpleader had undertaken to defend itself in those suits against the claim of the defendant Tralles, the appellant here, by setting up not only the claim of Lynn, who was a party to them, but likewise the claim of Edson and McCulloch, who were not parties. By so doing it concluded itself as to the validity or invalidity of that claim by the judgment that was rendered by the court, although, of course, Edson and McCulloch were not so concluded. Edson and McCulloch already had a judgment of condemnation against the club, rendered by the justice of the peace. No appeal had been taken from that judgment by any one; and it was unnecessary, and indeed it would have been improper for Edson and McCulloch themselves to have sought to make themselves parties to the other suits. It would appear from the record that there was some understanding or agreement between counsel that whatever final judgment should be rendered in the Lynn case should likewise be rendered in the case of Edson and McCulloch, the conditions of the two cases being identical. If such agreement or understanding there was, it was, and perhaps yet is, the complainant's equitable right to have it carried into effect, and thereby to save itself from a double payment. But such equity does not justify the filing of a bill of interpleader and reopening a controversy which has already been adjudicated.

In view of what we have said, it necessarily follows that, in our opinion, the bill of interpleader in this case cannot be maintained, and that it was error to have decreed that the defendants in the cause should interplead between themselves. Only one of those defendants, however, George E. Tralles, has appealed from the decree. The other defendants may be presumed to have acquiesced in it; and the defendants Edson and McCulloch, in furtherance of the cause, have filed a cross-bill therein. But this cross-bill is not before us on this appeal; nor are Edson and McCulloch, or Lynn, or Tub-

bins before us as complaining of the decree. Our present adjudication, therefore, must be confined to the appeal of Tralles from the injunction *pendente lite* and the decree of interpleader rendered in the cause against him. As to him we hold that there was error.

Our conclusion is that, as to the appellant Tralles, the decree appealed from must be *reversed, with costs; and the cause must be remanded to the Supreme Court of the District, with directions to dismiss the bill of complaint as to him. And it is so ordered.*