PROVIDENT INSTITUTION FOR SAVINGS *vs.* GEORGE WHITE, administrator, & others.

Suffolk.    March 19. — April 16, 1874. — AMES & DEVENS, JJ., absent.

A bill of interpleader not filed by the nominal plaintiff but by his attorney of record, at the expense and for the benefit of one of two persons claiming a fund in the hands of the plaintiff, after the other person had recovered judgment against the plaintiff in an action at law, in which the same attorney had pleaded the right of the first, cannot be maintained.

Under the twenty-seventh rule in chancery in bills of interpleader, or in the nature of interpleader, no solicitor or counsel for the plaintiff shall appear or be heard or act for or in behalf of any or either of the defendants.

BILL OF INTERPLEADER by the Provident Institution for Savings against George White, administrator of Margaret Sullivan, Michael Sullivan and Thomas Sullivan, filed June 27, 1872.    On the same day an injunction issued to Thomas Sullivan, until further order, enjoining him from prosecuting a certain suit at law against the plaintiff, and " from collecting or enforcing any judgment or execution that may have been rendered or issued thereon."    Judgment in this suit at law had been recovered by him in the Superior Court before said injunction issued, to wit, on June 22, and execution issued thereon June 26.    At the hearing before *Wells*, J., the bill was dismissed, with costs to Thomas Sullivan ; the plaintiff appealed, and the case was reported as follows for revision by the full court :

" The bill sets forth, that one Margaret Sullivan, sister of said Thomas and Michael, deposited money with the plaintiff from

time to time in her lifetime, and died about February 1, 1870 ; that said deposits, with interest, amounted to $440.05 on January 17, 1872, which the plaintiff now holds, with interest subsequently accrued. That said Margaret, in her lifetime, fearing that said deposit might be attached in some threatened suit against her, went to the bank with her brother Michael, and stated to the officers of the bank that she desired to transfer the same to him ; that upon being asked his name, said Michael gave the name of Thomas ; thereupon the following order was drawn, signed by her and handed to the officers of the bank : ' Boston, June 26, 1869. To the Treasurer of the Provident Institution for Savings, in the town of Boston. Sir, — Please to pay to Thomas Sullivan all moneys that have been and may be deposited, together with the interest that has and may become due, on account of Book No. 43,611. Margaret $\times$ Sullivan. Witness to signature, Wm. Gerry.'

" A memorandum of the same was made on the books of the bank, and a transfer of said account to the name of Thomas Sullivan. That said Thomas, after the death of said Margaret, demanded payment of said fund to him, and, in default thereof, sued the plaintiff on said order, and on a trial obtained a verdict and judgment thereon as aforesaid. That said Michael claimed said fund on the ground that the money deposited by Margaret belonged to him ; that she deposited the same for their joint benefit ; and also that the said order and transfer to said Thomas were really made to Michael under the name of Thomas. That said White claimed said fund as belonging to the estate of Margaret, and that the same should be paid to him as administrator hereof ; that he needs the same to pay the debts and expenses of administration on her estate ; and claimed that said order was made by her to said Thomas or Michael merely as trustee for her own benefit, and as a colorable transaction to cover up said money and secure the. same from attachment. And plaintiff, being in doubt to which of said claimants said money belonged, prayed that they may be ordered to answer severally on oath ; and that said Thomas be enjoined and restrained from enforcing his said execution against the plaintiff. The defendants severally answered on oath.

'' At the hearing the attorney of record for the plaintiff appeared as counsel for the defendants White and Michael Sullivan, having acted as such in preparing and filing their answers. He then stated, before any witnesses were called on either side, that he was the counsel for said White and Michael Sullivan; that he appeared as attorney of record for the present plaintiff, in said suit of Thomas Sullivan against the present plaintiff, in the Superior Court, and filed an answer setting up two grounds of defence, to wit, first, that said deposits belonged to said Michael, and not to said Thomas, and that said Margaret assigned them, and intended to assign them, to Michael, who gave the name of Thomas, and the assignment was in fact to Michael by the name of Thomas; secondly, that said deposits belonged to the estate of said Margaret, and that the said savings bank could not lawfully pay the same, except to her representatives. That as counsel for said bank, White and Michael Sullivan, he offered to prove in the Superior Court the facts above referred to; but the presiding judge ruled that such defence could not be set up, and that the only remedy was in equity; and directed a verdict for the plaintiff, the said Thomas; and the same was rendered April 12, 1872. That the judge then ordered the case to stand 'continued *nisi* for exceptions,' to enable said White and Michael Sullivan to bring a bill in equity or to file exceptions; and that no exceptions or bill in equity being filed before the end of the term, the entry 'con. *nisi* for exceptions' was stricken off, and judgment rendered June 22, 1872. Said counsel further offered to show that the complainant in this case believed that there was a substantial claim to this fund by these parties, and desired to have the court pass upon the same; but that as they would have, if they paid the execution from the Superior Court, a good legal defence against all parties, they did not feel justified in using the funds of the bank to pay the expenses of this process; and it was agreed that, as the fund was so small, for the purpose of saving expense, the same counsel should prepare the papers and present them to the court, and should assume all the expenses; that there was no collusion whatever, but merely a purpose at the smallest expense to give to the parties an opportunity to be heard on the merits of the case in accordance with the ruling of the Superior Court; that the bill was prepared and sworn to May 29, but that

he was delayed from time to time in obtaining a hearing for an injunction."

*L. M. Child,* for the plaintiff.

*N. C. Berry,* for Thomas Sullivan.

GRAY, C. J. It appears, by the statement made in support of this bill at the hearing before a single justice, that it was not filed by the plaintiff corporation for its protection, but by the attorney, at the expense and for the benefit of one of the two persons claiming the fund, after the other had recovered judgment in an action at law brought by him against this plaintiff, in defence of which the same attorney had pleaded the right of the first. To maintain a bill of interpleader under such circumstances would contravene the general principles of equity, as well as the twenty-seventh rule in chancery of this court.

*Decree affirmed, with costs.*