[No. 12175. Department Two. December 28, 1914.]

E. W. BENJAMIN, *Plaintiff,* v. A. B. ERNST, *Respondent,*
INTERNATIONAL MERCANTILE AND BOND COMPANY,
*Appellant.*[1]

APPEAL—NOTICE—ORAL NOTICE. An oral notice of appeal at the time of the rendition of the judgment is sufficient, under Rem. & Bal. Code, § 1719.

PLEADING—COMPLAINT—DEMURRER—WAIVER. Under Rem. & Bal. Code, § 263, providing that the objection that the complaint does not state a cause of action may be taken any time, either in the superior or supreme court, pleading over after a demurrer is sustained does not waive the objection.

APPEAL — RECORD — STATEMENT OF FACTS. Where an appeal is based upon the insufficiency of the complaint, no statement of facts is necessary.

GARNISHMENT — DEFENSES — ASSIGNMENT OF DEBT — DEFAULT OF GARNISHEE—JUDGMENT—CONCLUSIVENESS—LACHES—QUIETING TITLE— ADVERSE CLAIMS. One indebted under a judgment which had been assigned before entry, who, upon being garnisheed by a third party in a suit against the judgment creditor, allowed a judgment to go against him by default as garnishee, cannot, after the lapse of two years, bring an action to determine to whom he must pay the judgment, under Rem. & Bal. Code, § 199, providing for an action to determine adverse claims by bringing all parties before the court in case more than one is interested in or claims to be the owner of the subject-matter of the suit; since, if he had notice of the assignment of the original judgment, he was bound to appear and defend the garnishment; and if the garnishment judgment was obtained by fraud and without notice to him of the assignment or opportunity to defend, his only remedy was to proceed within one year to set aside the judgment of garnishment, under Id., §§ 464, 467; since, by his own neglect, he allowed two judgments to go against him.

JUDGMENT—BY DEFAULT—CONCLUSIVENESS—COLLATERAL ATTACK. Where a garnishee had suffered a default, and claimed he had no notice of the defense that his debt had been assigned, his action to bring all parties before the court to determine to whom he should pay the judgment, under Rem. & Bal. Code, § 199, is a collateral attack upon the garnishee judgment, which can only be held void for reasons affirmatively appearing upon the record.

[1]Reported in 145 Pac. 79.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered April 24, 1914, restraining the collection of a judgment entered against a garnishee, after a hearing before the court. Reversed.

*Cassius E. Gates*, for appellant.
*Vernon W. Buck*, for respondent.

MOUNT, J.—This appeal is from a judgment of the superior court for King county, restraining and enjoining the appellant from collecting a judgment, obtained against A. B. Ernst where Mr. Ernst was a garnishee defendant.

The respondent moves to dismiss the appeal for the reason that no notice of appeal was served or given as required by law; and also for the reason that no statement of facts or bill of exceptions has been filed. It appears from the transcript that, when the appellant appeared in the action, it filed a demurrer to the complaint of the respondent Ernst on the ground that the complaint did not state facts sufficient to constitute a cause of action. This demurrer was overruled, and an exception reserved. The appellant thereupon filed an answer. A trial was had and a judgment rendered as above stated. At the time of the rendition of the judgment, notice of appeal was given in open court. This was clearly sufficient under the statute. Rem. & Bal. Code, § 1719 (P. C. 81 § 1189).

It is contended by the respondent that, because the appellant did not stand upon his demurrer, but permitted a judgment to be entered, that he has waived the error. But this is not the rule. The statute provides at § 263 (P. C. 81 § 233) that the objection that the complaint does not state facts sufficient to constitute a cause of action may be taken at any time, either in the superior or the supreme court. This court has many times held that this objection is not waived by filing an answer. *West v. Martin*, 47 Wash. 417, 92 Pac. 334.

It is true, no statement of facts or bill of exceptions has been filed. The appellant is basing the appeal upon the insufficiency of the complaint, and a statement of facts in such case is not required. The motion is denied.

The facts in the case are not disputed. As shown by the complaint and admitted by all parties, they are substantially as follows: In December, 1909, E. W. Benjamin brought an action against A. B. Ernst and others, in the superior court for King county. After appearance of the defendants in that action, a judgment was entered against the defendant Ernst, and in favor of Benjamin, the plaintiff therein. This judgment was entered on November 12, 1910. Prior to the entry of that judgment Mr. Benjamin assigned the judgment to his attorney, H. O. Durk. This assignment was filed in the clerk's office on August 1, 1910. In December, 1910, the International Mercantile & Bond Company brought an action against E. W. Benjamin and others, and served notice of garnishment upon A. B. Ernst. Ernst made default and a judgment was entered against him as garnishee defendant on August 28, 1911. The clerk, in entering this judgment, indexed the judgment against B. Ernst instead of against A. B. Ernst. In November, 1913, more than two years after the entry of the latter judgment, Ernst filed an application in the action of E. W. Benjamin v. A. B. Ernst, alleging the judgment of Benjamin against him on November 12, 1910; that on December 17, 1910, notice of garnishment was served upon him in an action of the International Mercantile & Bond Company v. Benjamin *et al.;* that, as he was owing said Benjamin, he made no appearance in that action; that thereafter, in September, 1913, wishing to pay the judgment, he examined the records and found that the judgment in the case of Benjamin v. Ernst had been assigned to Howard O. Durk, and he thereupon paid Durk a part of that judgment; that later he was informed that the International Mercantile & Bond Company claimed a judgment against him as garnishee defendant in the case of International Mercantile & Bond

Company v. Benjamin. He also alleged that the only money he ever owed to the said Benjamin was the indebtedness represented by said judgment. He prayed that both Benjamin and the International Mercantile & Bond Company be brought into court, and that the court should determine to which one of the parties he should pay the judgment entered against him. The court, upon these facts, entered a decree restraining the International Mercantile & Bond Company from collecting the judgment obtained against A. B. Ernst in the case of International Mercantile & Bond Company v. Benjamin and A. B. Ernst, garnishee defendant.

The only question presented upon this appeal is the sufficiency of the facts alleged and admitted as stated above. The respondent in this case no doubt intended his proceeding to come within the provisions of Rem. & Bal. Code, § 199 (P. C. 81 § 547), which provides:

"Anyone having in his possession, or under his control, any property or money, or being indebted, where more than one person claims to be the owner of, entitled to, interested in, or to have a lien on such property, money or indebtedness, or any part thereof, may commence an action in the superior court against all or any of such persons, and have their rights, claims, interest, or liens adjudged, determined, and adjusted in such action."

But we are satisfied that the facts in this case do not bring it within the provisions of that section, because in this case the appellant, the International Mercantile & Bond Company had a judgment against the defendant A. B. Ernst which was obtained by default against said Ernst. The fact is conceded that Mr. Ernst was indebted to Mr. Benjamin upon the judgment which Benjamin obtained against him. He alleges in his complaint that he was not informed of the assignment of the Benjamin judgment to Mr. Durk. Mr. Ernst either had notice of the assignment or he did not have notice of it. If he had notice of the assignment, he was required to appear and answer the writ of garnishment. When

he permitted a judgment by default to be entered against him upon that writ, he was clearly bound to pay that judgment. If he had no notice of the assignment of the judgment in the case of Benjamin v. Ernst, that assignment, of course, was void, and the payment of the judgment in garnishment satisfies both judgments to the extent of that payment. If the judgment of the International Mercantile & Bond Company was obtained by fraud practiced against Mr. Ernst, or if, on account of unavoidable casualty or misfortune which prevented him from defending the action, the judgment was taken against him, his remedy was to proceed within a year to set aside the judgment upon these grounds. Rem. & Bal. Code, §§ 464, 467 (P. C. 81 §§ 1163, 1169).

This he did not do, but waited more than two years, and then set up the fact that there was but one debt owing to these different parties, and asked the court to determine to which of these parties the debt should be paid. As a matter of course, if the former judgment, namely the judgment of Benjamin v. Ernst is not paid by the payment of the judgment of the International Mercantile & Bond Company v. Ernst, then, by his own neglect, he has permitted two judgments to go against him. In short, by his own failure and neglect, instead of owing one debt, he apparently owes two. His remedy, if he has a remedy, depends upon the validity of the assignment from Benjamin to Durk. If that assignment was made in good faith, and Mr. Ernst had notice of it, or was required to take notice of it, it was his duty to answer the writ of garnishment in the other case. His neglect to answer that writ of garnishment cannot be made the basis of a collateral attack of the judgment in the garnishment case. This is clearly, we think, a collateral attack upon that judgment. That judgment can only be held void for reasons which affirmatively appear upon the record. *Munch v. McLaren*, 9 Wash. 676, 38 Pac. 205; *Kalb v. German Sav. & Loan Soc.*, 25 Wash. 349, 65 Pac. 559, 87 Am. St. 757.

There is nothing in the pleadings in this case to show that that judgment is void. In fact it is conceded that it was obtained by reason of the neglect of the respondent Mr. Ernst to defend against it. We are satisfied, therefore, that the complaint is not amendable and that the trial court should have sustained the appellant's demurrer and dismissed the action.

The judgment is reversed, and the proceeding is dismissed.

CROW, C. J., MAIN, ELLIS, and FULLERTON, JJ., concur.