GEORGE B. GONIA *vs.* FULTON O'BRION.

Middlesex.   January 11, 1916. — March 2, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Practice, Civil,* Interpleader. *Interpleader. Laches.*

The provisions of R. L. c. 173, § 37, authorizing an interpleader in an action at law, do not alter the settled doctrines applicable to bills of interpleader in equity.

The provisions of R. L. c. 173, § 37, that if, in an action at law, the defendant admits his liability and the amount thereof is not disputed, but it appears that such amount is claimed by some other person than the plaintiff and that the defendant has no interest in the subject matter of the controversy, the court on a petition by the defendant may compel such claimant to interplead, do not give a defendant, in an action against him for services in the superintending of the erection of a building, a right as a matter of law to have such a petition granted and to have one whom he alleged was the plaintiff's principal compelled to interplead, where the defendant's petition is not filed until after a verdict has been rendered for the plaintiff upon issues raised by an answer of the defendant containing a general denial, an allegation of payment, and an allegation that, if the defendant ever made a contract as alleged, it was with the plaintiff as the agent or representative of his principal.

Nor does R. L. c. 173, § 37, give to a claimant a right as a matter of law to intervene in such an action after a verdict for the plaintiff.

DE COURCY, J. The motion of the defendant, that J. A. Bremner & Co. Incorporated be made a party claimant under R. L.

c. 173, § 37, was not filed until after there had been a trial in this action, resulting in a verdict for the plaintiff, and after suit had been brought by Bremner & Co. against the defendant.*

The claim was one for services rendered to the defendant in superintending the erection of a building. When the present action was brought, if the defendant admitted liability and if the amount due for the services was not disputed, but the money was claimed by the plaintiff and by J. A. Bremner & Co. Incorporated, the defendant might have availed himself of the interpleader statute, and allowed the plaintiff and claimant to litigate the controversy in which he, the defendant, had no interest. But he took no such position. On the contrary, in his answer he set up a general denial and a plea of payment. He further answered that if he ever made a contract as alleged, it was with the plaintiff as the agent or representative of the Bremner corporation. There was no admission of his liability to either of them for any amount. And with full knowledge of the facts he elected to go to trial, not as a mere stakeholder, but contesting his liability to the plaintiff.

The statute, authorizing this summary proceeding in actions at law, does not alter the settled doctrines applicable to bills of interpleader. "The statutory remedy is a mere substitute for the equitable remedy by suit, in the kinds of actions to which it applies, and is governed by the same rules." 1 Pom. Eq. Rem. § 61. *Worthington* v. *Waring*, 157 Mass. 421, 428. *Brierly* v. *Equitable Aid Union*, 170 Mass. 218. The stakeholder must use reasonable diligence to bring the contending claimants into court. He cannot delay his application until after an unsuccessful trial against one of them. *Provident Institution for Savings* v. *White*, 115 Mass. 112. *Moore* v. *Hill*, 59 Ga. 760. *Union Bank* v. *Kerr*, 2 Md. Ch. 460. *McKinney* v. *Kuhn*, 59 Miss. 186. *DeZouche* v. *Garrison*, 140 Penn. St. 430. *Haseltine* v. *Brickey*, 16 Grat. 116. In the case at bar the defendant's diffi-

---

* J. A. Bremner & Co. Incorporated also, after the verdict for the plaintiff, moved to be made a party to this action. Both motions were heard by *White*, J., who refused to rule, as asked to do in numerous requests filed by the defendant and by J. A. Bremner & Co. Incorporated, in substance that as a matter of law the motions should be granted; and the defendant and J. A. Bremner & Co. Incorporated alleged exceptions and claimed appeals.

culty is even more fundamental than that of laches. Interpleader lies only when the party is exposed to several actions for the same demand, while he is ready and willing to satisfy that demand in favor of the claimant who establishes his right thereto, and he himself claims no personal interest in the subject matter of the litigation. Between the claimants he should stand indifferent. If he denies and contests the right of one of them to share in the money due, or if he has incurred a personal liability to either of them, independent of the question between the claimants themselves, he is not entitled to relief by way of interpleader. Its office is to protect a party, not against a double liability, but against a double vexation on account of one liability. *Fairbanks* v. *Belknap*, 135 Mass. 179, 184. *Connecticut Mutual Life Ins. Co.* v. *Cook*, 219 Mass. 222.

The defendant was not entitled as matter of law to have J. A. Bremner & Co. Incorporated made a party, and there was no error in the refusal of the presiding judge to give the rulings requested.

The "appeals" bring nothing before us for consideration.

Assuming, without deciding, that the statute authorizes a claimant to invoke interpleader proceedings upon its own motion, the considerations already stated dispose of the exceptions and appeal of J. A. Bremner & Co. Incorporated. In each proceeding the entry must be

*Exceptions overruled. Appeals dismissed.*

*W. R. Evans, Jr.*, for the defendant.

*F. P. Garland*, for the plaintiff.