WILLIE M. LOWRY AND HER HUSBAND, S. L. LOWRY, *Appellants*, v. DOWNING MANUFACTURING COMPANY, A CORPORATION, *et al., Appellees.*

Opinion Filed March 1, 1917.

1. A bill of interpleader lies in cases where the complainant alleges that he has funds in his hands in which he claims and has no interest and to which the defendants set up conflicting claims and the complainant brings the fund into court and prays that the defendants contest it between themselves, the complainant not being in collusion with either of the defendants and is unable to decide between them.

2. If any facts exist which are not shown by the bill of interpleader but which constitute a valid reason why the bill should not lie, they are matters of defense and may be set up by answer.

3. A married woman upon whose property a house was built under a contract whereby the builder agreed to furnish all material and labor, may on default of the contractor bring into court the amount due him under the contract and maintain a bill of interpleader against conflicting claimants of the fund.

Appeal from Circuit Court for Hillsborough County; F. M. Robles, Judge.

Order reversed.

*H. S. Hampton* and *F. J. Hampton,* for Appellants;

*McKay, Withers & Phipps,* for Appellees.

ELLIS, J.,—The appellants filed their bill of interpleader in the Circuit Court for Hillsborough County against D. C. Walker; the Downing Manfacturing Company; Alexander Lumber Company; Orville Riggby; Holmes and Binkley; Gulf City Painting & Decoration Company; W. E. McAndrews; Knight & Wall Company; Pierce Electric Company, O. F. Bender and Nathan Bryan.

The bill alleges in substance that Mrs. Willie M. Lowry is the owner of certain lots in Hillsborough County, that she is the wife of S. L. Lowry and the lots are her separate statutory property; that she and her husband entered into a contract with D. C. Walker for the erection of a dwelling house on the property to cost eight thousand six hundred dollars, in which Walker agreed to furnish all the labor and material in its construction; that the contract contained a clause providing that if at any time the contractor should refuse or neglect to supply a sufficiency of workmen or material, or refuse to comply with any of the articles of agreement, the owners should have the right to enter upon and take possession of the premises and provide the necessary materials and workmen to finish the construction of the house after giving notice in writing, and that the expense of such notice and finishing of the work should be deducted from the amount agreed to be paid under the contract. It is alleged that Walker neglected to complete the work and went away, and complainants after giving him notice entered upon the premises, completed the work, after doing which there remains due by the complainants to the defendant Walker under the contract the sum of four hundred and forty-nine dollars. That the complainants have received

notices from the other named defendants of claims for
material and labor furnished in the construction, of the
building; that complainants knew nothing of the rights
nor priorities of such claimants, and do not know how the
sum remaining in the complainants' hands should be ap-
portioned between the claimants. That two of the de-
fendants have commenced "a suit" against the complain-
ants in which the property is sought to be subjected to
their claims.

The bill prays that the defendants may interplead,
that complainants may be permitted to pay the said sum
of money into court, and that the demands of the defend-
ants may be adjusted between themselves and settled out
of the fund so paid into court by the complainants, and
that the defendants be restrained from proceeding
against the complainants for the recovery of their claims
alleged to be due by the contractor.

The record shows that all the defendants answered ex-
cept Pierce Electric Company, Nathan Bryan and Knight
and Wall. Decrees *pro confesso* were taken against
Holmes & Binkley, Pierce Electric Company and Nathan
Bryan. Knight and Wall interposed a demurrer to the
bill which was sustained, from which order this appeal is
taken.

The demurrer attacks the bill upon six grounds,
which are as follows:

"First: There is no equity in the bill.

"Second: It appears by the bill that the complainant
Willie M. Lowry is the owner of the land in controversy
and is a married woman, and that said property consti-
tutes her separate statutory estate, and, therefore, is not
subject to the operation of the lien of the State of Flor-
ida.

"Third: From the facts stated in the bill as a matter

of law, the said complainant could pay the sum of money mentioned in the bill to whomsoever she pleases, and be legally discharged of any and all obligations to any of the defendants.

"Fourth: That it appears from the averments of the bill that the said complainants are not mere stakeholders of the funds therein mentioned, but that there are controverted questions of fact pending, and that in order for the court to rule upon the rights of the respective parties to this suit, it will have to first determine a controversy as to whether or not the complainants are indebted in one sum or another, and such a controversy cannot be properly determined in a proceeding of this kind.

"Fifth: That it is not averred in the bill that the said complainants do not collude with the defendants or either of them.

"Sixth: And for many other good and sufficient reasons apparent upon the face of said bill."

By this demurrer Wall and Knight question the right of the complainants to file a bill of interpleader.

In the case of Wainwright v. Connecticut Fire Insurance Company, decided at the present term, Mr. Justice SHACKLEFORD, speaking for the court, said: "Where a bill of interpleader is filed the better practice is first to determine whether such bill will lie." A bill of interpleader is not a proceeding *in rem*. It is where the complainant alleges that he has a fund in his hands in which he claims and has no interest, and to which the defendants set up conflicting claims. The complainant brings the fund into court and prays that the defendants contest it between themselves. See Hoggrat v. Cutts, 1 Cr. & Ph. (18 Eng. Ch.) 197; Byers v. Sansom-Thayer Comm. Co., 111 Ill. App. 575; Wing v. Saulding, 64 Vt. 83, 23 Atl. Rep. 615; Pfister v. Wade, 56 Cal. 43; Glassner v.

Weisberg, 43 Mo. App. 214; Williams· v. Matthews, 47 N. J. Eq. 196, 20 Atl. Rep. 261; Patterson v. Perry, 14 How. Pr. (N.Y.) ·505; .Bridesburg Mfg. Co.'s Appeal, 106 Pa. St. 275. In Sherman v. Partridge, 11 N. Y. Supr. Ct. (4 Duer.) 646, it was said that an interpleader can justly be allowed only where no other question than the right of the property is meant to be litigated. Fletcher in his work on Equity Pleading and Practice says that "A bill of interpleader. lies where the complainant claims no relief against either of the defendants, but where the defendants claiming of him the same debt or duty by different or separate interests he is uncertain with which of the claims he ought to comply." Fletcher's Eq. Pl. & Pr., §§772, 773-775. See also Shaw v. Coster, 8 Paige's Chan. 339, 35 Am. Dec. 690 and note; 5 Pomeroy's Eq. Jur. §43. The bill in this case presents a situation in which the complainants can be said to be merely stake holders having no interest in the fund claimed, seeking no relief against the defendants and having no interest in the subject-matter and not in. collusion with the defendants or either of them. The essential allegations are contained in the bill which is sworn to by one of the complainants.

If any facts exist, not shown by the bill whose allegations are admitted·by the demurrer, which constitute a valid reason why the bill of interpleader should not lie, they are matters of defense and can be set up in the answer.

It is no ground for demurrer that. one of the complainants is a married woman upon whose property the house was built and no liability therefore attaches to her nor to the property for improvements thereon until certain proceedings are taken by the material men holding such claims. If she chooses to acknowledge that she has

the sum in her hands to be paid for materials furnished to her contractors, but cannot determine to whom she should pay it, the claimants surely should not be heard to complain. There is nothing to prevent a disclaimer being filed by any one of the defendants who may have no interest in the fund.

We can perceive no merit in the contention that the complainants are merely seeking to force the defendants to litigate over a small sum of money which the complainants arbitrarily assert is the entire amount due. If the allegations of the bill are true, then the sum alleged in the bill is all the defendants may claim of her. If the allegations are not true they may be denied. It is true that the allegations of the bill could have been more definite and much clearer as to the claims of the defendants in their nature or character and amounts, also as to the time of presentation to the complainants, but we think there is enough in the allegations contained in the bill to show a conflict of interest between the defendants. If it is true that the amount named in the bill is the only sum to be shared between the numerous material men who were made defendants, some conflicts between them doubtless exist as to priority of lien. If the allegations of the bill are true, the defendants have no lien upon the complainants' property greater than the amount due by her to the contractor when notices of such claims were served upon her, and that lien may be discharged by payment. In the last analysis, therefore, there is necessarily a conflict of interest between the defendants over the amount due by complainants to the contractor. To whom should it be paid, so that the various liens may be discharged? That question the bill of interpleader seeks to have determined, so that the complainants may not be annoyed by many suits.

The order sustaining the demurrer is reversed.

BROWNE, C. J., and TAYLOR, SHACKLEFORD and WHITFIELD, JJ., concur.