[No. 26057. Department One. August 8, 1936.]

AMERICAN SURETY COMPANY OF NEW YORK, *Appellant*, v. GRAYS HARBOR COUNTY *et al., Respondents.*[1]

*Stedman & Stedman,* for appellant.

*F. L. Morgan* and *A. P. Wilson,* for respondent Maciejczak.

GERAGHTY, J.—This appeal is from an order dismissing an action in interpleader, brought by the appellant, American Surety Company, against the respondents Maciejczak and Grays Harbor county. R. M. Gordon, who was also named as defendant in the com-

[1]Reported in 60 P. (2d) 10.

plaint, disclaimed any interest in the controversy. The order of dismissal was made upon consideration of the complaint, answers and reply.

As exhibited by these pleadings, the following are the facts: The appellant became surety, in the sum of five thousand dollars, upon the official bond of Jeff Bartell as sheriff of Grays Harbor county for the term beginning in January, 1931. On May 3, 1935, a jury in the superior court of Grays Harbor county returned a verdict in favor of respondent Nellie Maciejczak, against Bartell as sheriff and the appellant as surety, in the sum of five thousand dollars, and a judgment was entered upon the verdict June 16, 1935.

At the times of the return of the verdict and entry of judgment, there was pending another action in the same court, brought by Grays Harbor county against the sheriff and appellant to recover county funds in excess of six thousand dollars collected by the sheriff but not accounted for. A judgment in this action was entered August 22, 1935, against the sheriff for the full amount prayed for and against the appellant surety for five thousand dollars, the amount of the penalty of its bond.

The present action in interpleader was instituted June 20, 1935, that is to say, after the entry of the Maciejczak judgment but before the judgment in favor of Grays Harbor county. At the time of filing its complaint in interpleader, the appellant deposited in the registry of the court five thousand dollars, being the amount of the penalty named in its bond.

The appellant appeared in and contested both of the actions. At no stage of the proceedings in the second action was a suggestion made that a recovery had been had in the first. While the record does not disclose the fact, the appellant states in its brief that

it was represented in the two actions by different attorneys, employed for his own defense by Bartell.

To meet such a situation as we have here, where it is possible that successive recoveries, aggregating more than the penalty of the bond, may be had upon an official bond for defaults of the principal, Rem. Rev. Stat., § 962 [P. C. § 8247], provides:

"In an action upon an official bond, if judgments have been recovered against the surety therein other than by confession, equal in the aggregate to the penalty, or any part thereof, of such bond, and if such recovery be established on the trial, judgment shall not be given against such surety for an amount exceeding such penalty, or such portion thereof as is not already recovered against him."

Notwithstanding its failure to seasonably avail itself of the protection furnished by this section, the appellant urges that it is entitled to the equitable relief of interpleader. Without foreclosing the appellant's right to any other remedy to which it may deem itself entitled, we are convinced the trial court correctly held that the remedy of interpleader is not available to the appellant.

It is generally held by the cases that it is the office of interpleader to protect a party, not against double liability, but against a double vexation on account of one liability. *Gonia v. O'Brion,* 223 Mass. 177, 111 N. E. 787. And so it is said that it is too late for the remedy of interpleader if the party seeking this relief has contested the claim of one of the parties and suffered judgment to be taken.

"In *United P. P. L. Co. v. Britton* (Tex. Civ. App.) 264 S. W. 576, 578, it was said: 'It is the general rule that a bill of interpleader comes too late when application therefor is delayed until after judgment has been rendered in favor of one of the claimants of the fund, and this is especially true where the holder of the fund

had notice of the conflicting claims prior to the rendition of such judgment and an opportunity to implead the adverse claimants in the suit in which such judgment was rendered. See notes and cases cited 35 Am. Dec. 703, 91 Am. St. Rep. 598; also 5 Pomeroy's Eq. Juris. § 41.'

"The principle thus stated has been recognized in many cases in other jurisdictions, among which may be cited *American Surety Company v. Brim,* 175 La. 959, 144 So. 727; *Gonia v. O'Brion,* 223 Mass. 177, 111 N. E. 787; *Phillips v. Taylor,* 148 Md. 157, 129 A. 18; *Moore v. Hill,* 59 Ga. 761; *Yarborough v. Thompson,* 3 Smedes & M. (11 Miss.) 291, 41 Am. Dec. 626. See, also, 33 C. J. p. 447, § 30." *Nash v. McCallum,* 74 S. W. (2d) (Tex. Civ. App.) 1046.

It would. seem that this rule should logically follow since, after the recovery of judgment, the interpleading of the judgment creditor is in effect a collateral attack upon the judgment. *Benjamin v. Ernst,* 83 Wash. 59, 145 Pac. 79.

The judgment in the Grays Harbor county case was not entered until more than two months after the entry of the judgment in the Maciejczak case and three months after the rendition of the verdict. During this time, the appellant failed to take the obvious course open to it to protect itself from a possible double liability.

While the strictness of the older rules governing interpleader has been relaxed, our attention has been called to no case where that remedy has been approved under circumstances similar to those present here.

The judgment is affirmed.

MILLARD, C. J., MITCHELL, TOLMAN, and STEINERT, JJ., concur.