WIGGINTON, Acting Chief Judge.
Appellant Montgomery has filed in this court two separate appeals arising out of the same cause of action, one of which seeks review of two interlocutory orders entered prior to final decree, and the second for review of the final decree itself. We have merged both appeals for the purpose of oral argument, and will consider the case in its entirety rather than in a piecemeal fashion.
Montgomery brought suit in the Circuit Court of Duval County against appellee, Russell J. Buschkotter, and Travelers Indemnity Company of Hartford, Connecticut. Travelers was joined as a defendant by virtue of a surety bond it had theretofore furnished as surety for Russell J. Busch-kotter, as principal, and the Motor Vehicle Commissioner of Florida, as obligee, in the penal sum of $3,000.00. This bond is re *780 quired by the statutes of this state as a condition to Buschkotter securing a license to engage in the business of buying, selling, and dealing in used motor vehicles.[1] The action terminated in a final judgment in favor of Montgomery in the sum of $3,000.00, together with costs of $68.00.
During the pendency of the foregoing action, and prior to rendition of the foregoing judgment, Travelers filed this action in the Circuit Court of Duval County in which its principal Buschkotter, his creditor Montgomery, together with other creditors of Buschkotter were joined as defendants. After rendition of the judgment in favor of Montgomery in his then pending action against Travelers and Buschkotter, Travelers filed in this cause its amended complaint alleging that it had been served with summons and complaints filed by those parties named as defendants in the suit, in each of which complaints claim and demand was made upon. Travelers for the full sum of $3,000.00, the total amount of its obligation under the surety bond it had furnished Buschkotter. The amended complaint further alleged that the defendant Montgomery had obtained judgment against Travelers and Buschkotter for the full amount of Travelers’ liability under its surety bond, and had made demand on Travelers for payment and satisfaction of his judgment. Travelers alleged that it was in doubt as to its rights, duties, and obligations under the surety bond it had furnished because of the multiplicity of claims made against it, each for the maximum amount of its liability. With the filing of its complaint Travelers deposited in the registry of the court the sum of $3,000.00 for which it stood obligated by virtue of its surety bond, and in its prayer for relief prayed for a judicial declaration of its rights, interests and legal relationship to the parties defendant, and for a decree declaring and determining when, in what amounts, and to whom it was liable under its surety bond. The complaint further prayed for the issuance of a temporary injunction restraining Montgomery from levying or executing against Travelers on his judgment, and restraining the other defendants from proceeding further in the suits filed by them and then pending against Travelers in the Circuit Court of Duval County.
At a hearing held after due notice to the parties, the chancellor entered an order granting Travelers’ motion for a temporary injunction restraining appellant Montgomery from proceeding to levy and execute upon the judgment obtained by him against Travelers, or from any wise pursuing collection of the judgment insofar as it affected Travelers as a judgment debtor. At a subsequent hearing upon notice to the parties the chancellor denied Montgomery’s motion to dismiss the complaint, to quash the temporary injunction and to require Travelers to post a bond conditioned upon its payment of the costs awarded Montgomery in the prior action brought by him against Travelers and Buschkotter. These two orders form the basis of the interlocutory appeal brought by Montgomery.
At a date subsequent to rendition of the foregoing interlocutory orders the cause came on for final hearing before the chancellor. Upon consideration of the evidence adduced by the parties on the issues made by the pleadings filed therein, the chancellor rendered his final decree which forms the basis of the second appeal brought by Montgomery. By this decree the court found that by reason of the payment by Travelers into the court registry of the sum of $3,000.00, Travelers had discharged its full liability under the surety bond furnished by it on behalf of Buschkotter as principal, and the State Motor Vehicle Commissioner as obligee, except that any potential liability to which Travelers may have subjected itself by institution of this suit for interest, costs, or attorneys fees as may be later determined by the court was reserved pending further order of the court. The decree asserted jurisdiction *781 over the sum of $3,000.00 deposited in the court registry by Travelers for the payment of all claims then pending, or which may thereafter be made under the surety bond furnished by Travelers, the determination of which would be made by the court upon further proceedings. By the decree each of the defendants was permanently enjoined and restrained from instituting any further suits, court actions, legal proceedings, and from proceeding further in any suit or court action already instituted against Travelers on its bond, or on any claim arising out of the bond which is the subject matter of this action, and from attempting to levy any execution or initiate any proceeding in aid of execution for the purpose of collecting any judgment theretofore rendered against Travelers by reason of the surety bond furnished by it.
Appellant contends by his first point on appeal that the chancellor erred in issuing the temporary injunction restraining him from executing on his judgment obtained against Travelers and Buschkotter. In support of this position appellant cites decisions propounding the settled law of this state to the effect that a court of equity will not enjoin enforcement of a judgment except upon proof of fraud, collusion, lack of jurisdiction or due process.[2]
Although characterized as a suit for declaratory decree, the cause of action alleged in the amended complaint filed by Travelers is in essence an action in interpleader. Upon the filing of its complaint, Travelers paid into the registry of the court the full amount of its liability for which it is obligated under its surety bond, praying that the amount thus deposited be distributed to appellant Montgomery and the other defendants making claim thereto in such amounts as may be determined by the court ttpon proper proceedings. It was to avoid the multiplicity of suits then pending against it that Travelers sought and procured the injunctive aid of the court in this case. However, as stated above, the amended complaint seeking relief by interpleader was not filed until after appellant had secured his judgment against appellee and its principal.
The law in Florida, as well as generally throughout the country, holds to the proposition that in order for a plaintiff to be entitled to relief by interpleader, he must apply for that relief before a judgment at law has been rendered in favor of any of the claimants to the common fund.[3]
Travelers having failed to allege or prove any of the traditional grounds justifying a collateral attack on the judgment held by Montgomery, and having failed to institute this action by amended complaint, or apply for injunctive relief before Montgomery procured his judgment, it was not entitled to the injunctive aid of a court of equity to restrain execution on that judgment. We therefore conclude that the trial court erred in enjoining Montgomery from employing all lawful means to collect the judgment secured by him against Travelers prior to the filing of this action, and the rulings in that regard are held to be erroneous. Those provisions of the interlocutory order and final decree appealed herein purporting to grant injunctive relief to Travelers against execution on the judgment held by Montgomery are reversed and the cause remanded for further proceedings.
CARROLL, DONALD K., and SACK, JJ., concur.

. F.S. § 320.27(10), F.S.A.

. Goldfarb v. J. A. Cantor Associates, Inc., (Fla.App.1960) 123 So.2d 50; Webb v. Gregory, (Fla.App.1958) 105 So.2d 183; State ex rel. Fulton Bag & Cotton Mills v. Burnside, 153 Fla. 599, 15 So.2d 324.

. 18 Fla.Jur. 381—Interpleader § 12; Aetna Insurance Company v. Evans, 57 Fla. 311, 569, 49 So. 57, 61; 48 C. J.S. Interpleader § 23, p. 70; 30 Am.Jur. 501—Interpleader § 23.