797 So.2d 626 (2001)
Marcia J. WASSMAN, et al., Appellants,
v.
TRAVELERS CASUALTY AND SURETY COMPANY, et al., Appellees.
No. 5D00-873.
District Court of Appeal of Florida, Fifth District.
October 12, 2001.
*627 David B. Falstad, and W. Marvin Hardy, III, of Gurney & Handley, P.A., Orlando, for Appellant Marcia J. Wassman.
Marvin E. Rooks, Winter Park, for Appellant Rudy Callahan d/b/a Heart of Florida Sales and Leasing. James W. Sears, of Sears & Manuel, P.A., Orlando, for Appellees.
GRIFFIN, J.
This is the appeal of an order entered in circuit court determining that a prior county court judgment obtained by Appellant, Marcia J. Wassman ["Wassman"], had been satisfied pursuant to the provisions of section 55.141, Florida Statutes (1999). We reverse.
This case originally involved two separate actions, Wassman's, which was filed in the county court, and a second suit, filed in the circuit court by Rudy Callahan ["Callahan"]. Both claims involved monies allegedly due from Fleetwood Motors One, Inc. ["Fleetwood"] and its officer and director, Peter J. Zaccagnino, III ["Zaccagnino"]. Appellee, Travelers Casualty and Surety Company f/k/a Aetna Casualty and Surety, Inc. ["Travelers"], was sued in both actions in its capacity as a surety under a $25,000 surety bond held by Fleetwood. See § 320.27(1), Fla. Stat. (1999).
Wassman's amended six-count complaint was filed in the county court on June 3, 1997 (County Court Case No. 97-2331). She claimed that the $2,100 check given to her as payment for a vehicle defendants sold for her in August 1996 was dishonored by the bank.
Callahan's suit in circuit court was against the same parties. His amended *628 complaint alleged that he had sold a 1995 Buick Riviera to Fleetwood on or about March 5, 1997 for $19,000, but the check he was given as payment was dishonored by the bank. The complaint contained claims against all defendants to recover on the check, as well as a claim for treble damages to recover on the dishonored check pursuant to section 68.065, Florida Statutes (1995). The claim against Travelers was based on Fleetwood's $25,000 surety bond. Callahan obtained a summary final judgment against Fleetwood and Zaccagnino on October 21, 1997. The judgment awarded Callahan treble damages in the amount of $60,800, a $950 service charge pursuant to section 68.065, Florida Statutes, and $3,893 in interest pursuant to section 55.03, Florida Statutes.
Travelers had apparently tendered its defense of Wassman's action to Fleetwood pursuant to an indemnity agreement. Fleetwood, however, failed to defend and final judgment was entered in favor of Wassman on all claims on December 17, 1997. The county court judgment was in the amount of $22,453.52 and was entered "jointly and severally" against all defendants, including Travelers. Most of the award consisted of attorneys fees. The judgment stated in relevant part:
4. The Plaintiff, Marcia J. Wassman,... recovers from the Defendants, Fleetwood Motors One, Inc., a Florida corporation, Peter J. Zaccagnino, III, and Travelers Surety and Casualty Company, formerly known as Aetna Surety and Casualty Company, a corporation, jointly and severally, the sum of $3,200.00 as compensatory damages, plus prejudgment interest in the sum of $753.32, plus attorneys fees in the sum of $18,000.00, plus costs in the sum of $500.20, for a total recovery of $22,453.52, which last stated sum shall bear interest at the rate of 10% a year, for which last stated sum let execution issue.
Travelers did not learn that judgment had been entered against it in the county court action until after the time for an appeal had run. Travelers filed a motion for relief from judgment pursuant to Florida Rule of Civil Procedure 1.540 on February 6, 1998. The county court denied the motion, a decision affirmed on appeal on May 7, 1999.
At approximately the same time Travelers filed a motion for relief from judgment in the Wassman suit, it also filed in Callahan's circuit court action a pleading styled "Counterclaim, Crossclaim and Third Party Complaint in Interpleader and Indemnity." Count I of Travelers' interpleader action sought to interplead eleven claims to the $25,000 surety bond it had issued to Fleetwood. Although she had already obtained a final judgment against Travelers, Wassman was identified as a claimant in that:
k) MARSHA J. WASSMAN has made a $2,100 claim for a bad check and a $2,700 claim for deceptive trade practices by failure to remit the sales price of the vehicle to her. She has filed suit in Case No. 97-2331 in the County Court of Orange County, Florida. She obtained a Final Judgement against Travelers and other defendants for $22,453.52. A motion for Relief from Judgment has been heard and taken under advisement.
Travelers asserted in its complaint that under its surety bond, it is obligated not in excess of $25,000 to "one or more" of the claimants, but is "unable to determine which of said [claimants] is entitled to payment or what amount." As a disinterested stakeholder, it sought permission to deposit in the registry of the court the sum of $25,000.
*629 Travelers also filed a motion in the circuit court case to consolidate other actions alleged to be "pending in the courts of this circuit relating to the same bond fund." Among the actions which Travelers sought to consolidate with the circuit court action was Wassman's county court action, in which the only pending matter was the appeal of the denial of Travelers' Motion for Relief from Judgment. The court determined that Travelers' motion to consolidate with Callahan's case should be granted with respect to two cases, but the court reserved ruling on the Wassman consolidation.
Once the order for consolidation had been granted, Travelers asked the circuit court to issue an order requiring each of the interpleader defendants to file a written statement of claim. Travelers sought the order because the various claims might fall under different bond years. The court ordered the statement of claim to be filed by "each party named as a defendant in Count I" of the interpleader complaint.
In accordance with the court's order, Wassman filed a statement of claim in the circuit court action on November 2, 1998. Her statement of claim identified the final judgment she had recovered in the county court on December 11, 1997 as the basis of her claim. The statement of claim further stated that the judgment was "res judicata" as to Travelers because no appeal had been taken from the final judgment. Callahan also filed a statement of claim, seeking $104,251.33 in total damages, including the $60,000 he had been awarded as treble damages against Fleetwood and Zaccagnino pursuant to section 68.065, Florida Statutes. He also sought interest on the judgment in the amount of $10,043.84, attorneys fees of $33,844, and costs of $373.49.
Travelers then filed a series of motions, including a motion for mediation and a motion to determine the effect of certain parties' failure to file a claim. Travelers also filed a motion to compel against Wassman, stating that the written claim she had filed was inadequate because it did not specify the date of loss and the complaint alleged a series of events beginning in July 1995 and ending on January 19, 1997. Travelers noted that:
The initial term of [its] bond was from November 9, 1995 to April 30, 1996. The first continuation period is for the time period of May 1, 1996 to April 30, 1997. The bond was continued by a subsequent continuation certificate for the time period of May 1, 1997 to April 30, 1998.
Travelers asserted that it was unable to move for an order of interpleader until it could determine the date of Wassman's loss and which bond it fell under.
Wassman supplemented her statement of claim with a statement of the facts underlying her claim. Travelers again complained to the court about Wassman's failure to specify one date of loss. The judge then ordered Wassman to specify a date of loss within ten days. When she did not, Travelers filed a motion for sanctions and/or contempt against Wassman, again complaining about her failure to specify one date of loss. Among the sanctions sought by Travelers was an order determining that her claim was barred.
On February 12, 1999, Travelers filed a motion for entry of order of interpleader, alleging that three claims had been made against the $25,000 bond in effect from May 1, 1996 through April 30, 1997. These claims were identified as Callahan's claim of $104,251 and two additional claims of $23,633 and $18,341. Travelers asserted it was unclear whether the 1996 bond also applied to Wassman's loss, as she had not yet specified a date of loss. Travelers asserted that its liability on the bond was *630 limited by statute and by the terms of the bond to $25,000 and asked to be discharged from any further liability upon the deposit of the bond sum into the registry of the court.
After receiving Travelers' request for discharge, Wassman filed an answer to Travelers' interpleader complaint asserting that Travelers' request for relief was barred by the doctrines of res judicata and collateral estoppel, and urging that the circuit court had "no jurisdiction" to give Travelers the relief it requested, Wassman asked the court to dismiss the case.
On April 14, 1999, the court granted Travelers' motion for mediation as to the claims falling within the time period beginning May 1, 1996 and ending on April 30, 1997. The court ruled that the claims of those claimants who had failed to file a written statement of claim were barred from recovering anything on their claims. The remaining claimants were informed that the interpleader action was to proceed as a "new and independent proceeding" in which each statement of claim was to be treated as a complaint. The parties were ordered to file objections to each other's claims.
On April 27, 1999, the circuit court issued an order determining that Travelers was entitled to a decree of interpleader for the claims made against the bond in effect from May 1, 1996 to April 30, 1997 and that Travelers would be discharged from all further liability upon payment of $25,000 into the registry of the court. The order also enjoined defendants from instituting or prosecuting any action or suit against Travelers "for or on account of the bond." The order envisioned that the interpleader proceeding would "continue as an adversary proceeding among the defendants as to the share of each on the bond fund...."
Shortly thereafter, Travelers moved for summary judgment and/or judgment on the pleadings against Wassman, arguing that it had no liability to Wassman, either because her claims accrued prior to the effective date of any bond, or because her claim involved continuing losses which accrued under the bond in effect from May 1, 1996 to April 30, 1997 and which were subject to the order of interpleader.
Wassman, in turn, filed a motion for summary judgment, arguing that her right of recovery against Travelers had been resolved in the county court action, and was res judicata. Shortly thereafter, upon rendition of the appellate decision affirming the county court's denial of Traveler's motion for relief from judgment, Wassman filed a copy in support of her motion. In addition, Wassman filed a motion in the county court action to dissolve the stay pending appeal of the order denying Travelers' motion for relief from judgment. The stay was lifted on June 11, 1999.
Travelers immediately filed a motion in the circuit court to compel, for contempt, to abate and for sanctions against Wassman, alleging that Wassman was acting in violation of the circuit court's order permanently enjoining her from prosecuting any suit against Travelers on the bond. Wassman, in turn, filed a series of motions designed to obtain a ruling that she was entitled to enforce her county court judgment independent of the action for interpleader.
The circuit court responded by entering an order which, for the first time, consolidated Wassman's county court action with Callahan's circuit court interpleader action. The circuit court also granted Travelers' motion for summary judgment as to Wassman, finding that she was required to interplead her claim with other claimants for the bond in effect from May 1, 996 through April 30, 1997. As part of its ruling, the *631 court appears to have concluded that, as a matter of law, Wassman's date of loss was in August 1996, when her check was dishonored. The court's order stated:
Marcia J. Wassman is a Claimant under the Bond that was in effect from May 1, 1996 to April 30, 1997 as she can not have a claim on the bond before it became effective and her date of loss is in August, 1996.
On June 21, 1999, Wassman moved for rehearing of the summary judgment, arguing that there was nothing of record to establish that her claim arose under the bond in effect from May 1, 1996 through April 30, 1997. Wassman reiterated that her claim was not based on a bond, but was "based on a Final Judgment which Travelers unsuccessfully attempted to reopen under Rule 1.540." She argued that the Travelers' interpleader action could not be used to reopen the county court judgment, since that judgment was final. Wassman cited two cases to the circuit court: Montgomery v. Travelers Indemnity Co., 192 So.2d 779 (Fla. 1st DCA 1966) and Harris v. Great Southern Life Insurance Co., 558 F.Supp. 689 (M.D.Fla.1983). Wassman also moved for rehearing of the order of consolidation, arguing that the circuit court lacked subject-matter jurisdiction over the claims involved in the county court action, in part because the amount in controversy was less than $15,000. Travelers' response to Wassman's various motions asserted that Wassman had waived these objections by participating in the circuit proceeding. On July 13, 1999, the circuit court denied all of Wassman's pending motions, observing that it "concurs" with Montgomery and Harris but found that the cases were "raised too late and should have been raised sooner."
On June 8, 1999, Travelers moved for a satisfaction of Wassman's judgment:
3. The Circuit Court has ruled that Marcia J. Wassman's claim falls under the bond year which is the subject of the Order of Interpleader in that case and for which the bond fund was deposited.
4. Defendant is entitled to a Satisfaction of Judgment pursuant to Florida Statute 55.141.
Wassman's response to the motion argued that the conditions for satisfaction of the judgment had not been met since she had not been paid any portion of her judgment. She also filed a motion to satisfy her judgment of December 11, 1997 by payment from the bond fund.
On January 3, 2000, the court held that the final judgment entered in favor of Wassman and against Travelers on December 11, 1997 had been satisfied of record pursuant to section 55.141, Florida Statutes, by virtue of Travelers' interpleader and deposit of $25,000 into the registry of the court. This was error.
It is clear that a judgment debtor (such as Travelers) cannot modify a final judgment by the later filing of an interpleader action. See Montgomery, 192 So.2d 779; Harris, 558 F.Supp. 689. It is also clear that "when a case has merged into a final judgment and an appeal has been perfected therefrom ... jurisdiction in the trial court terminates, except as to enforcement of the judgment." State ex rel. American Home Ins. Co. v. Seay, 355 So.2d 822, 824 (Fla. 4th DCA 1978).
An action for interpleader is a procedural device a stakeholder may use to settle conflicting claims to the same thing or fund. Lowry v. Downing Mfg. Co., 73 Fla. 535, 74 So. 525 (1917); V.I.P. Real Estate Corp. v. Florida Exec. Realty Management Corp., 650 So.2d 199 (Fla. 4th DCA 1995). It is an equitable remedy, which permits the stakeholder to bring the *632 fund into court so that the court can decide among the conflicting claims. Lowry, 74 So. at 526; Jax Ice & Cold Storage Co. v. South Fla. Farms Co., 91 Fla. 593, 109 So. 212, 218 (1926). The purpose of interpleader is to protect the stakeholder from the vexation of multiple suits. Paul v. Harold Davis, Inc., 155 Fla. 538, 20 So.2d 795 (1945). See also Fla. R. Civ. P. 1.240 ("Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability...."). By virtue of the county court judgment, Travelers was no longer a disinterested stakeholder, it was a judgment debtor, and Wassman was no longer a competing claimant to a fund, she was a judgment creditor of Travelers. The circuit court did not have the power to restrict her collection of the judgment to an interpleader contest. Nor did the circuit court acquire any such power by consolidation of the circuit and county court cases. Florida Rule of Civil Procedure 1.270(a) limits consolidation to cases "pending" before the court. Wassman's county court action had been concluded. Travelers' failed motion to set aside the judgment and its appeal to the circuit court do not meet the limitations of the rule.
Nor did the circuit court have the power to enjoin enforcement of the county court action. Montgomery, supra, is very similar to this case. In Montgomery, the plaintiff brought suit against Buschkotter in the circuit court for damages arising out of a motor vehicle sale. Travelers was joined as a defendant in the action by virtue of a motor vehicle surety bond it had issued to Buschkotter. After Montgomery obtained a judgment against defendants in the amount of $3,000, Travelers filed an amended complaint in a separate circuit court action. The complaint sought to interplead Montgomery, Buschkotter and other creditors of Buschkotter as defendants in the action. Among other things, Travelers sought a declaration that its liability was limited to the amount of the bond. Travelers' complaint also prayed for the issuance of an injunction restraining Montgomery from levying or executing against Travelers on his judgment, and restraining the other defendants from proceeding further in their lawsuits. The trial court entered an order finding that Travelers had discharged its full liability under the bond by its payment into the court registry of the sum of $3,000. The court also permanently enjoined and restrained the defendants, including Montgomery, from prosecuting any additional action against Travelers. On appeal, Montgomery complained that the trial court was without authority to preclude the enforcement of his judgment against Travelers. The First District agreed, explaining:
Appellant contends by his first point on appeal that the chancellor erred in issuing the temporary injunction restraining him from executing on his judgment obtained against Travelers and Buschkotter. In support of this position appellant cites decisions propounding the settled law of this state to the effect that a court of equity will not enjoin enforcement of a judgment except upon proof of fraud, collusion, lack of jurisdiction or due process.
Although characterized as a suit for declaratory decree, the cause of action alleged in the amended complaint filed by Travelers is in essence an action in interpleader. Upon the filing of its complaint, Travelers paid into the registry of the court the full amount of its liability for which it is obligated under its surety bond, praying that the amount thus deposited be distributed to appellant Montgomery and the other defendants making claim thereto in such amounts as may be determined by the *633 court upon proper proceedings. It was to avoid the multiplicity of suits then pending against it that Travelers sought and procured the injunctive aid of the court in this case. However, as stated above, the amended complaint seeking relief by interpleader was not filed until after appellant had secured his judgment against appellee and its principal.
[1] The law in Florida, as well as generally throughout the country, holds to the proposition that in order for a plaintiff to be entitled to relief by interpleader, he must apply for that relief before a judgment at law has been rendered in favor of any of the claimants to the common fund.
[2] Travelers having failed to allege or prove any of the traditional grounds justifying a collateral attack on the judgment held by Montgomery, and having failed to institute this action by amended complaint or apply for injunctive relief before Montgomery procured his judgment, it was not entitled to the injunctive aid of a court of equity to restrain execution on that judgment. We therefore conclude that the trial court erred in enjoining Montgomery from employing all lawful means to collect the judgment secured by him against Travelers prior to the filing of this action, and the rulings in that regard are held to be erroneous. Those provisions of the interlocutory order and final decree appealed herein purporting to grant injunctive relief to Travelers against execution on the judgment held by Montgomery are reversed and the cause remanded for further proceedings.
192 So.2d at 781 (footnote omitted).[1]
The trial court agreed with Travelers that Wassman waived the right to rely on Montgomery by the failure to cite it to the court.[2] She did, however, raise the underlying legal issue on numerous occasions. Wassman's original statement of claim, which was filed on November 2, 1998, identified the final judgment she had recovered in the county court on December 11, 1997 in the amount of for $22,453.52 as the basis of her claim. The statement of claim specifically stated that the judgment was "res judicata" as to Travelers because no appeal had been taken from the final judgment. Additionally, in her answer filed on March 10, 1999 (which was filed prior to the order of interpleader), Wassman relied on her judgment against Travelers in county court on December 11, 1997. Wassman also asserted that Travelers' request for relief was barred by the doctrines of res judicata and collateral estoppel, and that the circuit court had "no jurisdiction" to proceed against her in the action. Wassman did not and could not *634 waive her right to collection of her county court judgment by failing to argue Montgomery. It is also worth noting that until May 7, 1999, Travelers' collateral attack on Wassman's county court judgment had not finally been rejected. Given the circuit court's various orders, including the bar of any claim not made through the interpleader, it would have been foolish for Wassman to refuse to participate.
Finally, it is clear that Wassman's county court judgment had not been satisfied within the meaning of 55.141(1), Florida Statutes. Satisfaction requires payment of the "full amount of such judgment or decree, with interest thereon, plus the costs of the issuance, if any, of execution thereon into the registry of the court where rendered." Travelers never paid the full amount of Wassman's county court judgment into the registry of the county court. Nor did the bond cover the fees portion of her judgment. Wassman remains entitled to enforce her county court judgment against Travelers and is not subject to the interpleader.
REVERSED and REMANDED.
PALMER and ORFINGER, R. B., JJ., concur.
NOTES
[1] In American Surety Co. v. Grays Harbor County, 187 Wash. 164, 60 P.2d 10 (1936), the court explained that final judgments cannot be interplead not only because it is no longer possible to protect against the vexation of multiple lawsuits, but because the interpleader action constitutes a collateral attack on the judgment:

[1][2] It is generally held by the cases that it is the office of interpleader to protect a party, not against double liability, but against a double vexation on account of one liability. Gonia v. O'Brion, 223 Mass. 177, 111 N.E. 787. And so it is said that it is too late for the remedy of interpleader if the party seeking this relief has contest the claim of one of the parties and suffered judgment to be taken.
* * *
It would seem that this rule should logically follow since, after the recovery of judgment, the interpleading of the judgment creditor is in effect a collateral attack upon the judgment.
Id. at 166, 167, 60 P.2d 10 (emphasis added).
[2] If the court believed Montgomery v. Travelers to be controlling as its order implies, it is surprising that it was more impressed with Wassman's failure to bring it to the court's attention than with Travelers' failure to do so.